# Thomas, May & Co. v. Drennen.

## *Action for Rent.*

1. *Error without injury in sustaining demurrer to special plea.*— Where under the plea of the general issue, a defendant obtains the benefit of matters set up as special defense in a special plea, the sustaining of a demurrer to such special plea, if erroneous, is error without injury.

2. *Eviction by landlord; agreement between landlord and tenant.*— Where a tenant abandons the premises and the landlord insists upon a continuance of the tenancy until the expiration of the rental term, and there is an agreement between them to lease the premises to another pending the controversy the rent to go as a credit upon the tenant's contract if held liable, and the premises are accordingly rented to another tenant, there is no eviction of the tenant by the landlord; and this is true even though there is a sub-letting of the premises by such third person to a firm of which the landlord was a member, where there is no fraud and collusion in the sub-renting, and no provision in the original contract against sub-letting.

3. *Principal and agent; when refusal of principal to ratify contract by agent does not disprove agent's authority; eviction.*—Where a storehouse is rented to a mercantile company through its general manager, who represented that he was authorized by his principal to execute the lease, the fact that some time after the execution of the contract of rent said agent reported to the owner of the premises that his company refused to ratify his contract, does not prove a want of authority on the part of such agent to execute the lease; but even if he did not bind the company by reason of his want of authority, which is otherwise shown, he bound himself, and if the owner entered under a contract of sub-letting from him, the owner's entry as such sub-tenant can not be construed as an eviction of tenants to whom the premises had been formerly rented and who had abandoned them prior to renting to such agent and general manager.

4. *Landlord and tenant; statute of frauds.*—When a sub-lease is indorsed on an original contract of renting, wherein the rented premises are described, a specific reference in the sub-lease to the description contained in the original contract, is a sufficient description of the premises under the statute of frauds, to take the contract of sub-letting from without the influence of the statute.

APPEAL from the Circuit Cours of Jefferson.

Tried before the Hon. JAMES J. BANKS.

On July 10, 1894, D. M. Drennen, the appellee, instituted a suit against the appellants, C. E. Thomas and L. A. May, as late partners in business under the firm name of Thomas, May & Co., to recover the sum of $2,916.70, with interest thereon, for the rent of a storehouse in the city of Birmingham.

It is alleged in the complaint, that in the yeas 1889, plaintiff made a contract with defendants verbally, by the terms of which he leased said property to defendants for the term of five years, which term of years, by the terms of said contract, was to end on the 1st of October, 1894; that by the terms of said contract, defendants agreed to pay plaintiff as rent for said property $145.83 per month during said term, being at the rate of $1,750 per annum, and said rent being payable monthly at the end of each month; the defendants entered into and took possession of said property under said contract and have paid, or caused to be paid, the monthly rent therefor up to the month of October, 1892, but have not paid, or caused to be paid, the rent due from the 1st of November, 1892, to the 1st of July, 1894.

The defendant pleaded, 1st, the general issue, and the following special plea: "2. That on or about the 1st of November, 1892, defendants abandoned said premises and ceased to pay rent therefor; and on or about the 1st of November, 1892, plaintiff re-entered said premises and thereafter occupied the same from said 1st of November, 1892, continuously until October, 1894." To the defendant's second plea the plaintiff demurred upon the following grounds: (1.) Said plea is no answer to the complaint, but merely goes to the measure of plaintiff's recovery. (2.) Said plea proposes to be an answer to the complaint, while it is, if true, only an answer to part of the complaint (3.) Defendants have all the benefits of said plea under the general issue." This demurrer to the second plea was sustained by the court upon the last ground. Upon issue being joined upon the plea of the general issue, the plaintiff introduced testimony which showed that he rented to the defendants the said store-house for a term of five years from October 1, 1889, at a rental value of $145.83, payable monthly; that defendants moved into said store-house under the con-

tract of rental, and continued to occupy it and pay rent for said premises until the last of October, 1892, when they moved out of said store-house, and have not since paid rent therefor.

There was introduced in evidence a written agreement which was executed in March, 1893, by the defendants and the plaintiff, in which it was stated that the leased premises were vacant, and in which it was agreed between the parties thereto that the premises, describing the store-house in question, might be rented without prejudice to the rights or claims of either party, and that the sole purpose of said agreement was to lessen the damages to whichever party may be in the wrong in the contention. After the execution of this written agreement, consenting to the renting of the said premises, the plaintiff rented said store-house to the Woolridge Stove Company, through their manager, W. L. Kelly, at a rental of $30 per month, and there was made on the margin of the written agreement the following entry: "We agree and consent for the property to be leased by Drennen to Walter Kelly or Woolridge Stove Company for $30 per month, from September 1, 1893, to October 1, 1894. This August 11, 1893. C. E. Thomas, L. A. May, D. M. Drennen." There was also indorsed upon the margin of said agreement the following statement: "Accepted, lease and notes to be signed from September 1, 1893, to October 1, 1894. August 11, 1893. W. L. Kelly, Manager Woolridge Stove Co."

It was further shown by the evidence that after entering into the contract to lease the said store-house from the plaintiff, W. L. Kelly, the manager of the Woolridge Stove Company, notified the plaintiff that his principal would not ratify the contract, and that, therefore, he did not want the building. Thereupon the plaintiff told said Kelly that Drennen & Co., a firm of which plaintiff was a member, would lease the building from him at the same rental at which he had agreed to pay. Kelly agreed to this, and executed the following writing: "Drennen & Co., City; Gentlemen:—We hereby lease to you the store-house, 2015 Third Avenue, for $30 per month, from September 1, 1893, to October 1, 1894. This October 3, 1893. W. L. Kelly, Manager Woolridge Stove Co."

It was further shown by the evidence that after the

[Thomas, May & Co. v. Drennen.]

execution of this agreement by Kelly to rent to Drennen & Co., Drennen & Co. moved into the building in September or October, 1893, and had occupied the building ever since.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff for $3,120. The defendants appeal from this judgment, and assign as error the rulings of the court upon the the pleadings, and the rendition of judgment in favor of the plaintiff.

ARNOLD & EVANS and WADE & VAUGHAN, for appellant.—1. The entry and taking possession of the store-house by the firm of Drennen & Co., of which firm appellee was a member, without the consent of appellants, and after they had abandoned the house, put an end to the lease, and discharged appellants from liability for rent, after the entry.—*Rice v. Dudley*, 65 Ala. 68.

ALEX T. LONDON AND SMYER & SMYER, *contra*.—There was no error in the court sustaining demurrer to the second plea of appellant, or if error, it was error without injury. Under the general issue, the appellant offered all the evidence they could have offered under the special plea.—*Sharp v. Hall*, 86 Ala. 110 ; *Cap. City Water Co. v. National Meter Co.*, 89 Ala. 401; *Harrison v. Parmer*, 76 Ala. 157 ; *Stephens v. Regenstein*, 89 Ala. 561.

The defendants indorsed their written consent on the written agreement that plaintiff might lease the premises to Walter Kelly, or the Woolridge Stove Co. from September 1, 1893, to October 1, 1894, which was the balance of the term at $30 per month, and Kelly, manager of the Woolridge Stove Co., in writing, indorsed on the agreement acceptance of the lease for the term on the same day. There can be no doubt from the evidence, but what this was a *bona fide* lease to Kelly or the Woolridge Stove Co.; and if the Woolridge Stove Co. was not bound as lessee, Kelly was.—*Dexter v. Ohlander*, 89 Ala. 272 ; *Ware v. Morgan*, 67 Ala. 461. There was no restriction against Kelly's subletting the premises or assigning the lease, and if the premises had been sub-let or the lease assigned to a stranger, the defendants could not complain.—*Crommelin v. Theiss*, 31 Ala. 412 ; 12

43

Amer. & Eng. Encyc. of Law, 715–717; Taylor on Landlord & Tenant, § 108.

Under the evidence the plaintiff did not re-enter the premises, and the defendants were not evicted from the premises.—12 Amer. & Eng. Encyc. of Law, 758b; *Warren v. Wagner*, 75 Ala. 188.

HEAD, J.—Conceding that defendant's plea number 2 properly set up matter of special defense, it is clear, under the circumstances, that the ruling of the court sustaining the demurrer to it, did the defendants no harm. There were grounds of demurrer testing the sufficiency of the plea as a defense to the action followed by the last ground assigned, which was that, "defendants can have all the benefits of said plea under the general issue." The court sustained the demurrer expressly on this ground. The general issue was interposed, and the record affirmatively shows that defendants, under it, were accorded full benefit of the special defense set up in plea number 2.

There is, in the case, no element of an eviction of the defendants, as lessees, by plaintiff, their lessor. After defendants quit the store, the plaintiff, in pursuance of an express agreement in writing with them, entered into for the express purpose of preventing an eviction, leased it, in writing, for a year to the Woolridge Stove Co. through W. L. Kelly, its general manager. The particular terms of this lease were assented to, in writing, by the defendants. There was no clause against sub-letting. Afterwards, and without taking possession of the store, the stove company, through Kelly, sub-let, for its term, to Drennen & Co., a partnership composed of plaintiff and another, who occupied it for the year and paid the agreed rent (the same the stove company had bound itself to pay) to plaintiff, who gave defendants credit for it according to the written agreement which had been entered into between plaintiff and defendants. There was, confessedly, no fraud or collusion in the matter. The sub-letting took place because the lease of the stove company, effected through Kelly, its manager, was not satisfactory to the company. That company had the right to sub-let to Drennen & Co., or to any one else, and the fact that it did so, and that plaintiff was a member of the lessee firm, constitutes no semblance of

[Thomas, May & Co. v. Drennen.]

an eviction of the defendants by the plaintiff, the whole matter having been conducted without fraud or collusion of any kind.

It is insisted that the lease to the stove company never became binding upon it, because Kelly had no authority to make the contract, and the company refused to ratify it; wherefore the sub-letting by Kelly, for the company, to Drennen & Co. was of no force, and that Drennen & Co. (one of whom was the plaintiff) went into and held possession, of their own wrong, in violation of the written agreement between plaintiff and defendants, and that this constituted an eviction of defendants by plaintiff. If the conclusion be regarded as sound, the record does not support the premises upon which it rests. The undisputed evidence shows that Kelly was the general manager of the Woolridge Stove Co. of Memphis, Tenn., for their Birmingham store, selling stoves &c. in Birmingham, and that, as such, he duly executed the lease. This fact establishes his authority. There is not a word of testimony that he was not authorized. The argument that he was not rests alone upon the fact that sometime after the execution of the lease he reported to plaintiff that the company had refused to ratify his contract, which report, of course, proved nothing. Moreover, Kelly, manifestly, executed the lease upon the representation that he was authorized, and plaintiff acted upon it. If he did not bind his supposed principal by reason of the want of authority, he bound himself, and likewise bound himself when he sub-let to Drennen & Co.—*Ware v. Morgan*, 67 Ala. 461; 1 Am. & Eng. Encyc. of Law, (2d ed.), p. 1124. But there is no pretense in the record that he was not authorized.—*Phillips & Buttorff Mf'g Co. v. Whitney*, 109 Ala. 645.

There is nothing in the suggestion that the lease to Drennen & Co. was within the statute of frauds because it did not describe the house. It sufficiently referred to the house described in the written agreement on the back of which the lease was executed.

The judgment of the circuit court was correct, and is affirmed.