# Birmingham Railway, Light & Power Co. *v.* Hunnicutt.

## *Damage to Passenger.*

(Decided Nov. 28, 1911.   57 South. 262.)

1. *Pleading; Complaint; Repugnancy.*—The complaint in this case stated and examined and it is held that therein the several acts of the defendant's employes were charged as co-operative causes, cumulative and descriptive of the single act of negligence counted on, and that the count was not demurrable as containing inconsistent or repugnant averments.

2. *Same; Complaint; Demurrer.*—Where a complaint states a good cause of action, it is not rendered demurrable because of repugnant allegations that could be stricken on motion as surplusage.

3. *Carriers; Injury to Passengers; Complaint.*—Where a complaint alleges that the defendant is a common carrier of passengers and that the plaintiff was a passenger on defendant's car when the injuries complained of were received, the neglignce declared on may be stated in general terms.

4. *Same.*—A complaint alleging the relation of passenger and carrier, and then charging that defendant was negligent in that the car on which plaintiff was riding was crowded, plaintiff and others being obliged to stand on the running board, and that the car was negligently run at such a high rate of speed, that it swayed, rocked or lunged so that plaintiff was thrown or jerked off and injured, states a cause of action, and was not demurrable.

5. *Same; Evidence.*—Where another passenger of a street car was thrown against the plaintiff as the crowded car ·was being run at a high rate of speed, and plaintiff was consequently knocked off and injured, it is competent to introduce evidence as to the apparent condition of the passenger who struck plaintiff—whether drunk or sober—at the time of the accident.

6. *Same; Instructions.*—Where the allegation was made in each count of the complaint that the car was overcrowded and that plaintiff was compelled to ride upon the running board, on account of which he was thrown therefrom and injured, the burden was on plaintiff to prove such allegation, and hence, the defendant is entitled to have the jury instructed that before they could find for

[Birmingham Railway, Light & Power Co. v. Hunnicutt.]

the plaintiff they must be reasonably satisfied that plaintiff was compelled, on account of the overcrowded condition of the car, to ride upon the running board.

7. *Appeal and Error; Harmless Error; Pleading.*—Where defendant is afforded full benefit of the defense of contributory negligence under pleas upon which issue is joined, it is harmless error to sustain demurrers to other similar pleas.

8. *Charge of Court; Ignoring Pleading.*—Charges which ignore some of the issues presented by the pleading, are properly refused as misleading in not being referable to such issues.

9. *Same; Undue Prominence.*—Charges which single out and give undue prominence to a particular part of the evidence, are properly refused.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by John Hunnicutt against the Birmingham Railway, Light & Power Company for damages for injury to him while a passenger. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The pleadings sufficiently appear from the opinion, as do the exceptions to evidence. The following charges were refused to defendant: "(5) Before you can find for the plaintiff in this case, you must be reasonably satisfied from the evidence in this case that plaintiff was compelled, on account of the overcrowded condition of the car upon which he was riding, to ride upon the running board of the car. (6) If you believe from the evidence in this case that Jim Ogletree did not fall from the car as a proximate consequence of the negligence of defendant's agents, servants or employees, you must find for the defendant, provided you also believe from the evidence that there was room inside the car where plaintiff could have stood or sat." The pleas in the case set up the fact of contributory negligence, because plaintiff voluntarily rode upon the running board of said car, which was on the outside thereof, while the same was running at a high rate of speed, although he could have

29 CA

ridden inside of said car, had he chosen to do so, and also that he voluntarily assumed this position, when he could have gotten inside the car.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court erred in overruling demurrer to the first count.—*Harold v. Sheffield Co.,* 53 South. 223; *Johnson v. B. R. L. & P. Co.,* 149 Ala. 533; *Andrews v. Flack,* 88 Ala. 294; *Munter v. Rogers,* 50 Ala. 283. The 2nd count was subject to demurrer.—*W. Ry. Co. v. Mitchell,* 148 Ala. 35; *Johnson v. B. R. L. & P. Co., spra.* On these authorities it must be held that the 3rd count was demurrable. Counsel discuss assignments of error relative to the pleas and the evidence, but without further citation of authority. The court should have given charge 5.—*B. R. L. & P. Co. v. Bynum,* 139 Ala. 396; *A. C. G. & A. Ry. Co. v. Bates,* 149 Ala. 489. The 3rd charge should have been given.— *West. Ry. v. Walker,* 113 Ala. 367. Charge 6 should have been given, as well as charge 11.

GOODWIN & ROSS, for appellee. The 1st count was sufficient.—*H. A. & B. v. Donovan,* 10 South. 139; 24 L. R. A. 710; 43 L. R. A. 300; 6 Cyc. 623. The 2nd count was sufficient.—*R. R. Co. v. Jones,* 83 Ala. 376; *Imp. Co. v. Campbell,* 25 South. 793; *L. & N. v. Orr,* 26 South. 35; *M. & C. v. Martin,* 117 Ala. 367. The court properly sustained demurrers to the pleas.—*H. A. & B. R. R. Co. v. Donovan, supra; L. & N. v. Orr, supra; K. C. M. & B. v. Crocker,* 11 South. 262. Counsel discuss errors relative to evidence, but without citation of authority. The court properly refused the charges requested.—*B. R. L. & P. Co. v. Moore,* 42 South. 1024.

PELHAM, J.—The appellee brought suit in the court below against appellant, a common carrier, operating

cars propelled by electricity, to recover damages for personal injuries received by him while a passenger by being thrown, jerked, or knocked from the foot board or running board of one of appellant's cars, on which appellee alleges he was compelled to ride because of the overcrowded condition of the car.

The first count of the complaint alleges the overcrowded condition of the car, the relation of passenger, etc., and avers "that said car was running at a high rate of speed so that the same swayed and lunged or jerked from one side to the other to such an extent that one of the passengers of the car was thrown against the plaintiff and he was knocked off the car upon the ground," and, after describing the injuries, contains the further allegation : "And the plaintiff avers that his said injuries were the proximate consequence of the negligence of the defendant's employees in charge of said car in negligently allowing or permitting the said car to become so overcrowded that the said passenger was thrown against the plaintiff, knocking him off and injuring him as aforesaid."

The defendant demurred to this count and assigned, among other grounds of demurrer, that the averments are inconsistent and repugnant and fail to apprise defendant wherein or how it violated any duty owed to the plaintiff. The several acts are charged as co-operative causes, cumulative and descriptive of the one act of negligence counted upon, and all together averred as having contributed to the alleged injury. The first or stating part is a description of the mode in which the injury was inflicted, and is averred by way of inducement, and contains no averment of the negligence relied upon. The specification of negligence which is averred as a ground of liability is incorporated as a distinct and independent averment and constitutes the

concluding paragraph of the count. No other specification of negligence is made as such, but one cause of action is stated, and but one specification of negligence is made; and the defendant was clearly informed of the matter to be put in issue. The description of the mode in which the injury was inflicted may have been stated with unnecessary particularity, but, if so, is but descriptive of the cause of action, and the plaintiff would not be entitled to recover unless his proof made out the essential matters of description with equal particularity.— *Smith v. Causey,* 28 Ala. 655, 65 Am. Dec. 372; *Lewman v. Andrews,* 129 Ala. 170, 29 South. 692; *L. & N. R. R. Co. v. Johnson,* 79 Ala. 436.

And when the complaint states a good cause of action it is not subject to demurrer because of redundant allegations that could be stricken out on motion as surplusage.—*Mayes v. Miller,* 150 Ala. 6621, 43 South. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93; *Highland Ave. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413, 10 South. 274; *Kennon v. W. U. T. Co.,* 92 Ala. 399, 9 South. 200; *L. & N. R. R. Co. v. Hall,* 91 Ala. 112, 8 South. 371, 24 Am. St. Rep. 863; *G. St. Ry. Co. v. Hanlon,* 53 Ala. 70.

The second count of the complaint adopts that part of the first count of the complaint containing a description of the manner in which the injury was inflicted and alleges negligence in general terms upon the part of the defendant in the conduct of its business in carrying plaintiff as a passenger, and that by reason of such negligence and as a proximate consequence thereof plaintiff suffered the alleged injury and damage.

That the plaintiff, having averred he was a passenger on defendant's car when the injury complained of was received, may declare in general terms on the negligence of defendant, is a settled rule.—*Birmingham R.*

& P. Co. v. Moore, 148 Ala. 115, 42 South. 1024; and list of cases collected and cited in this opinion.

The third count also adopts the stating and descriptive part of the first count of the complaint and avers the negligence of the defendant, in that while the car was crowded, and plaintiff and others were compelled to stand upon the running board, the car was negligently run at such a high rate of speed that it swayed, rocked, or lunged so that plaintiff was thrown or knocked off and injured. The count states a good cause of action, and the defendant's demurrers to it were properly overruled.

The contributory negligence of the plaintiff available to the defendant as constituting a legal defense that was sought to be set up by pleas numbered 3, 4, and 5 was covered by the numerous other pleas, and the defendant had the full benefit of the defense set up by these pleas under the pleas on which issue was joined. If there was error in the rulings sustaining these demurrers, it is without injury.—R. R. v. Hissong, 97 Ala. 187, 13 South. 209; George v. M. & O. R. R. Co., 109 Ala. 245, 19 South. 784; R. R. v. Dobbs, 101 Ala. 219, 12 South. 770; Martin v. Butler, 111 Ala. 422, 20 South. 352; Thomas v. Drennen, 112 Ala. 670, 20 South. 848.

The appellant should have been permitted to show by the witnesses Viola Hinton and Andrew Jones the apparent condition of Jim Ogletree—whether drunk or sober—at the time of the accident. It was Ogletree who appellee contended fell, or was thrown, against him due to the motion of the car swaying or lurching in consequence of being run at such an unusually rapid rate of speed; thereby knocking appellee off and causing his injuries. The negligence counted on in one of the counts was the rapid running that caused a lurching or jerking of the car that threw the person against

appellee, and the appellant was entitled to show the condition of the person thrown against appellee so that the jury could say whether it was due to the condition of the person or the rapid running and lurching of the car that appellee was knocked from the car by Ogletree's falling or being thrown against him, as it is a matter of common knowledge that a sober man is steadier on his feet and less likely to be thrown off his balance than a drunken man. Plaintiff's witnesses had testified that the car was running "faster than usual" and was swaying and lurching "more than usual" at the time Ogletree fell or was thrown against plaintiff, and Ogletrees condition as to sobriety or drunkenness at the time was material, and the objections to the questions seeking to elicit this testimony should not have been sustained.

Charge No. 5 requested by the defendant should have been given. Each count of the complaint contained the allegation that plaintiff was compelled to ride on the running board on account of the overcrowded condition of the car, and, while this was an allegation of the circumstances or description of the mode in which the injury was inflicted, it is a material allegation and must be proved as laid in the complaint to entitle the plaintiff to a recovery. The allegation was evidently made to avoid the general presumption, primarily, of negligence attaching to one who voluntarily chooses to ride upon a running board when there is room inside the car.—*B. R. L. & P. Co. v. Bynum,* 139 Ala. 389, 396, 36 South. 736. In the case of *B. R. L. & P. Co. v. Moore,* 148 Ala. 115, 42 South. 1024, cited by appellee, the allegation that there was a wreck was not a material allegation requiring proof as a prerequisite to plaintiff's right of recovery. Plaintiff's injuries in that case were not attributed in any way to it, and no negli-

[Birmingham Railway, Light & Power Co. v. Hunnicutt.]

gence alleged with respect thereto. The direct and proximate result of a collision between two cars was averred as the cause of plaintiff's injuries, and the only act complained of related to the collision; while in this case the act complained of is related to the crowded condition of the cars, and this is a material allegation, necessary to be proven.—*A. C. G. & A. Ry. Co. v. Bates,* 149 Ala. 487, 43 South. 98.

Whether or not plaintiff was compelled to ride on the running board due to the overcrowded condition of the car was a question for the jury to determine under all the facts, and was properly submitted under the charges requested correctly stating this hypothesis.

Charge No. 6 is misleading as referable to each and every count of the complaint. It singled out and gave undue prominence to a particular part of the evidence, and the court cannot be put in error for refusing it. From what we have said, it will be seen that the trial court was not in error in refusing the other special charges and the general charge requested by defendant.

The rulings on the evidence other than those discussed are free from error. It is unnecessary to consider other assignments of error or the order overruling the motion for a new trial, as, for the errors committed by the trial court indicated above, the case must be reversed.

Reversed and remanded.