H. T. P'POOL *et al.*, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *ex rel.* J. B. JOHNSON, ATTORNEY GENERAL, *Defendant in Error.*

Division B.

Opinion Filed March 4, 1927.

1. In locating boundaries, it is permissible to begin at any definite corner or monument and to run a reverse course, if necessary to harmonize all the calls in a description.

2. Where a description of land embraced in a municipality is not so uncertain as to make it impossible to determine the territory intended to be included, it is not fatally indefinite.

3. The description of land found to be sufficiently definite, is held to be that intended by the Legislature to be included in the municipality to be incorporated.

4. An election held after due notice resulted in an authorized ratification by the electors of the Charter Act of the Town of Pine Castle.

A Writ of Error to the Circuit Court for Orange County; Frank A. Smith, Judge.

Reversed.

*Giles & Gurney*, for Plaintiffs in Error;

*J. B. Johnson*, Attorney General, and *Maguire & Voorhis*, for Defendant in Error.

BUFORD, J.—An action of *quo warranto* was instituted by the Attorney General in the Circuit Court of Orange County against certain municipal officers of the Town of Pine Castle. The information challenged the right of the

respondents to hold their respective offices upon the ground that for various reasons the Town of Pine Castle was not incorporated under the Act of Legislature which purported the incorporation of it. These grounds as set out in the pleading are as follows:

"1. The description is indefinite as to that part which reads "thence west,. thence West one-half mile to place of beginning," for going West, thence West one-half mille will not reach the beginning point. The beginning point is the Southwest corner of Section 24, Township 23 South of Range 29 East. By going West, thence West one-half mile, such a line drawn would intersect the West line of said Section 24 approximately 2640 feet North of the place of beginning.

2. The description omits part of the business and residential section of Pinecastle which was intended to be included in said corporate limits, as more fully set forth by a diagram of said description and business section hereto attached marked "Exhibit B" and made a part hereof, which omitted parts are being assessed for taxes by the corporation.

3. That said Special Act was never submitted to the electors of said municipality at an election called for that purpose at the usual polling place of said municipality for their ratification or rejection."

The description contained in the Act of the Legislature reads as follows:

"Beginning at the Southwest corner of Section twenty-four, township twenty-three, South of Range twenty-nine East, running thence North one mile to the Northwest corner of said Section twenty-four, thence East on the section line to the water's edge of Lake Conway; thence Easterly along Lake Conway to the West line of the limits of Belle Isle; thence South, on the West line of Belle Isle to

where the road known as the J. A. Beck road intersects the West boundary of Belle Isle; thence following the said road to the Dixie Highway; thence North to the quarter section line; thence West one-half mile to place of beginning, said territory situated, lying and being in the County of Orange, State of Florida.''

This description as to the 6th and 7th calls is somewhat confusing and is sufficiently ambiguous to require the application of certain rules of surveying and construction of descriptions which have been approved by this Court to clearly establish them. This Court has held, in State *ex rel.* Johnson v. City of Sarasota, — Fla. —, 109 Sou. 473; and in cases there cited, that ''in locating boundaries it is permissible to begin at any definite corner or monument and to run a reverse course, if necessary, to harmonize all the calls in a description.'' Applying this rule to the description as stated in the Act, we should begin at the Southwest corner of Sec. 24, Township 23 S. Range 29 E., and run east one-half mile to the quarter section line (that is the line between quarter sections); thence run South to where the road known as the J. A. Beck Road intersects the East side of the Dixie Highway; thence run East to the point where the J. A. Beck Road intersects the Western line of Belle Isle; thence North on the Western line of Belle Isle to Lake Conway; thence Westerly along Lake Conway to the Northern section line of Sec. 24; thence West to the Northwest corner of Sec. 24; thence South one mile to the point of beginning.

The application of this rule clarifies the description and shows that the description is within the rule as stated in the able opinion by Mr. Chief Justice WHITFIELD in the case of Lane et al. v. State, *ex rel.* Attorney General, 63 Fla. 220, 57 Sou. 262, that is, ''It is not so uncertain as to make it impossible to determine the territory intended to be included in the municipality.'' It appears to us that a fair

construction of the description used indicates the intention to include the identical area which is included within the description when reversed as herein stated. This construction comporting with the manifest intent of the statute is therefore adopted.

Having thus construed the description used as applying to the territory to be included within the municipality, the first ground of attack on the municipality is disposed of and the second ground necessarily follows the same course.

The only other question to be considered is whether or not an election was held as required by the Act for the approval or rejection thereof. Sec. 46 of the Act provides as follows:

"This Act shall take effect immediately upon its passage and approval by the Governor, or upon its becoming a law without such approval; provided, however, that before said Act shall take effect same shall be submitted to the electors of said municipality at an election called for that purpose at the usual polling or voting places of said municipality for their ratification or rejection."

Our examination of the record brings us to the conclusion that such election was fairly held after having been duly called and notice thereof having been posted, and that the same resulted in the approval by the electors voting in such election of the legislative Act creating the municipality. The judgment is therefore reversed with directions that further proceedings be had in accordance with views expressed in this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.