# Bradfield *v.* Elyton Land Company.

*Bill in Equity by Purchaser, for Rescission of Contract of Sale.*

1. *Statute of frauds as to contracts relating to real estate.*—A representation by the president of a land company, acting as its agent in negotiating a sale to a purchaser, that the company was then constructing a belt line of railroad, which would run in front of the property, and would be operated as a permanent road, so far as it amounts to an engagement or contract on the part of the company, is obnoxious to the statute of frauds (Code, § 1732), and will not support either a bill in equity or an action at law.

2. *Representations as fraud, or matter of opinion.*—A representation by the president of the vendor company, acting as its agent, as to the ·

93  527
93  553
93  527
100 182
109 352
93  527
113 476
93  527
125 482
93  527
131 376

[Bradfield v. Elyton Land Company.]

construction and permanent operation of a street railway in front of the property, if less than a contract, is merely the expression of an opinion, and is not ground of action or relief in favor of the purchaser, "unless knowingly false, and uttered with intent to deceive;" and his representation as to the effect of the railroad in enhancing the value of the property, being as to a matter equally open to the observation and judgment of each party, does not give the purchaser a cause of action at law or in equity.

3. *Sufficiency of evidence.*—Where the bill seeks relief on the ground of fraud perpetrated on the complainant by the defendant's agent in negotiating the sale, and the only witnesses are the complainant himself and said agent, who contradict each other in all material particulars, the complainant has failed to establish his case.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 25th July, 1888, by L. Bradfield against the Elyton Land Company, and sought the rescission of a contract for the purchase by complainant from said company of certain lots or parcels of land in Birmingham. The contract was made in December, 1886, and was negotiated between complainant and Dr. H. M. Caldwell, who was then the president of the defendant company, and acted as its agent. The agreed price was $15,000, of which $2,500 was paid in cash, and the purchaser's several notes given for the residue. The bill alleged that the complainant, in entering into the contract, trusted to the representations of Dr. Caldwell, who stated that the company was then constructing a belt line of railroad, which would run along the street in front of the property, greatly enhancing its value, and would be operated permanently; and the ground of complaint was, that the company, after constructing the railroad and operating it for several months, sold it out to another company, and the latter company changed the location of the road. On final hearing on pleadings and proof, the chancellor dismissed the bill, and his decree is here assigned as error.

BUSH, BROWN & WEBB, for appellant.

ALEX. T. LONDON, contra.

COLEMAN, J.—The purpose of the bill was to obtain the rescission of a contract entered into for the sale of land. The principles of law necessary to be considered for a proper decision of this cause are familiar, and of easy application to the facts as they appear in the record.

So far as the representations alleged to have been made by H. M. Caldwell, that said "Belt Line Railroad was located on said Tenth avenue, and was then being built and operated as

[Bradfield v. Elyton Land Company.]

a permanent road," and that such representation "amounted to an engagement, and formed part of the consideration, and an additional consideration for the purchase of said lots, and materially induced him to make the same," as averred and relied upon in the amendment to the original bill, it is sufficient to say, that if such "engagement" to operate the road permanently was made, it rested entirely in parol, and was obnoxious to the statute of frauds, and therefore null and void.

Furthermore, if Caldwell represented that the railroad would be "permanently operated" in the future on said avenue, and if the statement amounted to less than an "engagement," the representation necessarily "consisted in opinion." "That, to be the basis of a legal right in any case, must be knowingly false, and uttered with intent to deceive." "Less than intentional deception, in such conditions, gives no right of action." *Griel v. Lomax*, 89 Ala. 427; *Montgomery So. R. R. Co. v. Matthews*, 77 Ala. 366. The averments of the amended bill are wholly insufficient, in failing to charge intentional deception, and the proof is insufficient to sustain the charge, if it had been made.

Without discussing the inconsistent allegations of the bill, as it remained after amended, let us examine the other misrepresentations relied upon for relief, and also see how they are sustained by evidence. If the misrepresentations consist in the statement that the belt road would be built on said avenue, and the failure to build, as averred in the original bill, the allegation is not proven; for it is admitted in the amendment to the bill, and fully proven by the evidence, that the road was completed and operated on said avenue, as alleged in the original bill that Caldwell represented it would be. If the representation complained of was, that the belt road would greatly increase the value of property on its line, such representation is admitted to be true, and is positively sworn to as a fact by the complainant himself. Moreover, such representation by Caldwell, as to the future effect of the enterprise upon the value of adjacent property, was as to a fact, or result, "equally open to both parties," and, for this additional reason, does not give complainant a cause of action (77 Ala. *supra; Lake v. Security Loan Asso.*, 72 Ala. 207); and certainly was no more than the expression of an opinion.—Cook on Stock and Stockholders, § 146. We have already disposed of the relief sought under the additional averment in the amendment to the bill.

Courts of equity will not force fraud. It must be proven, or facts clearly proven from which fraud can be legitimately

[Sherer v. City of Jasper.]

inferred. No other witnesses in regard to the statements and representations averred ·to have been made by Caldwell, at the time the terms of the sale were agreed upon, have been examined, except complainant for himself, and Caldwell for the defendant. Every and èach allegation of fact in the bill from which fraud could be legitimately inferred, conceding the facts have been well pleaded, have been specifically denied in the answer. Every such fact testified to by complainant, has been contradicted by Caldwell. So far as the record shows, both witnesses are equally credible. Under such conditions, it can not be said that complainant has established the averments of his bill.

It is unnecessary to consider the many questions so elaborately discussed in the opinion of the chancellor and briefs of counsel.

The decree of the court below is affirmed.