## THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ET AL. v. FREDERICK C. BREAUTIGAM.

Submitted December 5, 1902—Decided February 24, 1903.

In an action ·for deceit, it is proper to aver in the declaration the circumstances under which the fraudulent representations were made, and the manner in which the plaintiff was prejudiced by relying thereon, so that it may appear judicially to the court that the fraud and the damage sustained to each other the relation of cause and effect.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiffs, *Frank E. Bradner.*

For the defendant, *Edward H. Murphy.*

The opinion of the court was delivered by

PITNEY, J.   In an action of tort the declaration recites that one Stout and others had applied to the Chancellor of

this state for a writ of injunction to restrain the plaintiffs
from prosecuting an action at law to recover the amount due
upon a certain promissory note made by said Stout and others
and held by the plaintiffs; that said Stout and others con-
sented that if an injunction were granted they would execute
and deliver to the plaintiffs a bond with good sureties, condi-
tioned that they should pay to the plaintiffs any amount of
money that might thereafter be found by the Court of Chan-
cery to be due to the plaintiffs upon said promissory note,
with the costs of the action at law and of the suit in Chan-
cery, and that the plaintiffs agreed to accept such bond and
consented to the grant of injunction, and thereupon the said
Stout and others obtained from the Chancellor an order for
an injunction restraining the plaintiffs from prosecuting the
said action at law upon the said promissory note, upon con-
dition that the complainants should first execute and deliver
to the plaintiffs a bond in the penal sum of $4,000, contain-
ing a condition in the form above mentioned, to be executed
by two sureties, whose sufficiency should be approved by one
of the special masters of the Court of Chancery, and which
bond should be first accepted by the plaintiffs; and the decla-
ration avers that the defendant, in order to induce the plaint-
iffs to accept a bond executed by him as one of the sureties,
falsely and fraudulently represented to the plaintiffs that he
was worth above the sum of $4,000 in real estate in the State
of New Jersey after all his debts and liabilities were paid;
that the plaintiffs, relying upon this representation of the
defendant, assented to him as a surety upon the bond and
accepted a bond with the defendant as a surety thereon; that
in truth and in fact the defendant was wholly insolvent and
unable to pay his debts, and was not worth the sum of $4,000
in real estate in the State of New Jersey above his debts and
liabilities; that his debts and liabilities exceeded in amount
the value of any real estate that he owned; that any real es-
tate then owned by him was heavily encumbered by mort-
gages and taxes, and that there was no equity therein; and
that the defendant knew that he was insolvent and unable to
pay his debts, and that he was not worth in real estate in the

State of New Jersey the sum of $4,000 or any other sum above his debts and liabilities. The declaration then avers that afterwards a final decree was made in the Court of Chancery in the said cause between Stout and others, complainants, and the plaintiffs as defendants, wherein it was decreed that there was due upon the promissory note in question the sum of $2,000, with interest, and also certain sums for costs; that the plaintiffs have been unable to collect the amount due upon that decree from the said Stout and others, and that they, the said Stout and others, are wholly insolvent; that the plaintiffs, upon notice to the defendant, have applied to the Chancellor for relief against the defendant as surety upon the bond, and that the Chancellor has granted leave to the plaintiffs to prosecute an action at law against the defendant as a surety upon the bond. The concluding averment of the declaration is that by reason of the premises the plaintiffs have wholly lost the amount due upon the promissory note, and have also lost the costs sustained by them as aforesaid.

To this declaration a general demurrer is interposed, on the theory that if the declaration sets forth a cause of action it is one that is founded upon contract only, and not upon tort. With this contention we do not agree. The declaration sufficiently shows that the plaintiffs consented to an injunction restraining their action at law, in consideration of a bond executed by the defendant and others, conditioned that the obligors should pay the amount ascertained by the Court of Chancery to be due upon the claim that was the subject-matter of their action at law; that the plaintiffs accepted this bond on the strength of the defendant's representation that he was worth above $4,000 in New Jersey real estate after all his debts and liabilities were paid; that this representation was false and known by the defendant to be so, and that in fact the defendant was wholly insolvent. Fraudulent misrepresentations, thus made and thus relied upon, furnish ground for an action of deceit, provided it appear that the plaintiff has been damnified thereby, and not otherwise.

In *Byard* v. *Holmes,* 5 *Vroom* 286, it was held that in an action of this character the plaintiff must show with reasonable certainty in his declaration not only what the fraud was by which he has been injured, but also its connection with the alleged damage, so that it may appear judicially to the court that the fraud and the damage sustained to each other the relation of cause and effect, or at least that the one might have resulted directly from the other.

In the present declaration the proceeding at law and in Chancery that led up to the giving of the bond, and the subsequent proceedings that fixed the liability thereon, and the fact of the insolvency of the obligors, are set forth for the purpose of showing the causative relation borne by the defendant's fraudulent representations to the damage that the plaintiffs have sustained.

The plaintiffs are entitled to judgment on the demurrer.