# Wall v. Graham.

## Deceit.

(Decided April 15, 1915. ' 68 South. 298.)

1. *Fraud; Deceit; Complaint.*—In an action for deceit the complaint must not only allege the making of a fraudulent representation of a material fact, but must show that thereby plaintiff acted to his injury.

2. *Same.*—In an action for deceit a complaint which set forth false representations as to the financial condition of a third person, but which does not disclose such third person's connection with plaintiff, or how the false representation could have resulted in damage to him, is defective for a failure to show that the fraud and the damage alleged sustained to each other the relation of cause and effect.

3. *Same.*—In an action for deceit, a complaint which alleges that defendant's representation as to the amount of property a third person would have after payment of his debt to defendant were false and made to defraud plaintiff, and relieved defendant of paying the debt, etc., avers the making by defendant of a false statement of a fact as to the financial condition of such third person. '

4. *Same; Actionable; Waiver.*—Where ' defendant and his tenant were indebted to one C. on a note, and by false representations made to plaintiff as to the financial condition of the tenant defendant induced plaintiff to agree to pay the note, and C. being innocent of all fraud, accepted the obligation of plaintiff, and defendant obtained his release from the note, the defendant could not relieve himself from liability on the theory that plaintiff waived the fraudulent representation.

5. *Same; Opinion.*—An expression of an opinion is actionable where it is shown to be knowingly false, made with the intent to deceive, and accepted and relied on.

6. *Same; Evidence.*—One suing for fraudulent representations as to the financial standing of a third person need not prove the amount of the third person's indebtedness in order to recover, but may prove the false representation by proof of other facts.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by N. H. Graham against Alex Wall for damages for deceit. There was a judgment for plaintiff, and defendant appealed to the Court of Appeals under Acts 1911, p. 450, § 6, and it transferred the cause to the Supreme Court. Reversed and remanded.

Count 2 is as follows: Claiming $99 as damages for that defendant and one Tom Smith were indebted to one R. H. Crew in the sum of about $90, in the fall of 1911, and said Smith is a tenant of said Wall, and was unable to pay defendant said amount. Plaintiff avers that after Tom Smith paid him (defendant) all that said Smith owed him for the year 1911, supplies, advances, etc., the said Smith would have left at least 50 bushels of corn and a cow, which defendant said was worth $25. Plaintiff avers that said representations were false, and made for the purpose of defrauding plaintiff and relieving defendant of paying the amount to said Crew, and plaintiff avers he relied on what defendant said, and as a proximate result of defendant's said false statements plaintiff assumed said indebtedness to Crew, and has paid same, and thereby relieved defendant of said indebtedness, and plaintiff avers that defendant did not have any cow, nor more than 2 bushels of corn, when defendant got his claim stayed against said Smith, and for the proximate cause of said false and fraudulent statement plaintiff has been damaged in the sum sued for.

The following are the charges refused to defendant: Even if you believe from the evidence that Wall mis-

represented the financial condition of Smith, still you could not find a verdict against Wall if you should be reasonably satisfied from the evidence that Graham agreed to pay the debt due Crew by Wall and Smith for the purpose of getting Smith as his tenant, and immediately found out Smith's true financial condition, and speculated on whether or not he would profit by the transaction until October 30, 1912, and that he never complained of the alleged fraud, and never repudiated the transaction until about 12 months, he will be held to have waived the fraud, if any.

(B) The burden is on plaintiff, Graham, to prove to the reasonable satisfaction of the jury from the evidence the amount of indebtedness Smith owed at the time Wall made the alleged representations to Graham, and that Smith did not make enough to pay same, and have a cow and 50 bushels of corn left.

(C) If you are reasonably satisfied from the evidence that Wall did no more than to express his opinion as to how much Smith would have after paying his debt, then you must find for defendant.

RIDDLE, ELLIS & RIDDLE, for appellant.

JOHN A. DARDEN, for appellee.

GARDNER, J.—(1) Action of deceit by appellee against appellant. Demurrer to count 2 was overruled by the court, and this action constitutes one of the assignments of error. There are omissions of certain words in some of the averments of said count (as, for instance, in the second sentence the failure to allege that the defendant made representations therein referred to), and there are also words used evidently by mistake, or else they are clerical errors made in copying the rec-

ord, as in the concluding part of said count it is alleged that the defendant did not have any cow, etc., whereas from an examination of the record it would be presumed that the pleader intended to allege this of the tenant, Smith. However, we merely call attention to these deficiencies as disclosed in this record, and, overlooking the same, we are still of the opinion that the complaint is insufficient, and the demurrer should have been sustained. It is not sufficient that the fraudulent representations of a material fact be alleged, but it must also be shown that thereby the plaintiff acted to his injury.

In *Einstein, Hirsch & Co. v. Marshall,* 58 Ala. 153, 29 Am. Rep. 729, it is said, quoting an old authority: "Fraud, without damage, or damage, without fraud, gives no cause of action; but, where these two do occur, there an action lieth."

And in *King v. White,* 119 Ala. 429, 24 South. 710, the expression is repeated that: "Where fraud and damage unite, a right of action is given to the person injured."

In *Alden v. Wright,* 47 Minn. 225, 49 N. W. 767, it is said: "Deceit and injury must concur. * * * Damage is of the essence of the action of deceit; an essential element to the right of action, and not merely a consequence flowing from it."

See, also, section 2468, Code 1907. In 20 Cyc. 102, we find the following: "The declaration or complaint must allege that the plaintiff sustained damage by reason of fraud, and should show that the relation of cause and effect exists between the fraud and the damage alleged."

The authorities cited in the note fully sustain the text. In a New Jersey case reported in *Northwestern Mut. Life Ins. Co. v. Breautigam,* 69 N. J. Law, 89,

54 Atl. 228, the court said: "In *Byard v. Holmes*, .34 N. J. Law, 296, it was held that in an action of this character the plaintiff must show with reasonable certainty in his declaration; not only what the fraud was by which he has been injured, but also its connection with the alleged damage, so that it may appear judicially to the court that the fraud and the damage sustained to each other the relation of cause and effect, or at least that the one might have resulted  *   *   * from the other."

See, also, *Robinson v. S. R. T. Ry. Co.*, 100 App. Div. 214, 91 N. Y. Supp. 909; *Ide v. Gray*, 11 Vt. 615.

(2) One of the assignments of demurrer takes the point that no causal connection is shown in the complaint between the representations made and the damage suffered. We think this assignment well taken. The alleged false representations related solely to the financial condition of one Tom Smith, a tenant of defendant, and who was on the note with him. The said Smith's connection with the plaintiff is nowhere disclosed, no contractual relations between them being shown, and, indeed, how the false representations as to Smith could have resulted in damage to the plaintiff is left entirely to conjecture. In short, the count fails to show that the fraud and the damage alleged sustained to each other the relation of cause and effect, or that the one might have resulted directly from the other; thus omitting one of the essential elements of the cause of action.

(3) As to the alleged false representations, we construe the complaint as averring a false statement as to the financial standing or condition of said Tom Smith, as a matter of fact, and not as a matter of opinion, and the assignments of demurrer taking this point were without merit.—20 Cyc. 17. In *Tuscaloosa Coun-*

ty v. *Foster,* 132 Ala. 392, 31 South. 587, it was said: "If doubtful in any case whether the statements are as to facts, as distinguished from expressions of opinion, the question should be for the jury."

See, also, *Moses v. Katzenberger,* 84 Ala. 95, 4 South. 237, and in 20 Cyc. 18: "An expression of opinion may be so blended with statements of fact as to become itself a statement of fact."

(4) We find no error in the refusal of the written charges requested by defendant. One of them seems to be rested upon the idea of a waiver of the fraud by the plaintiff, but we find nothing in the record justifying the giving of this charge, as there is no conduct shown on the part of plaintiff indicating an intention of a waiver. The contract was an executed one; the defendant had been released from his obligation to Crew, who, as an innocent third party, had accepted the binding obligation of the plaintiff.—*Thweatt v. McLeod,* 56 Ala. 375; 20 Cyc. 92, 93; Kerr on Fraud and Mistake, 330.

(5) We construe the evidence, as we did the complaint, as showing the representations to be as a matter of fact; that is, as to what property was owned by Smith and his financial condition. The defendant offered no proof, and the charge predicated upon the question as to the mere expression of the opinion of defendant may be considered as abstract. Indeed, were it otherwise, the charge would be misleading, as even the expression of an opinion is held to be actionable if shown to be knowingly false, made with the intention to deceive, and to have been accepted and relied on.—*Moses v. Katzenberger, supra; Tuscaloosa County v. Foster, supra.*

(6) We are of the opinion that sufficient evidence was offered by the plaintiff to submit to the jury the

question of the falsity of the alleged representations made, and that charge B, requiring proof by the plaintiff of the amount of indebtedness of Smith, etc., was properly refused. The question of false representations related to the alleged fraud of defendant, and was capable of proof by facts and circumstances, as was here done.

From the summons in the justice's court, appearing as a part of the record in this case, it is shown that the same was isued and filed on October 30, 1912, and we find nothing to indicate that the cause of action was barred by the statute of limitation of one year.—Sections 4853 and 4652, Code 1907. See, also, section 4852.

As shown by the authorities cited, the question of damages is considered as of the essence of the case. Injury to the plaintiff must be shown. No more appears in this record on this question than that the plaintiff paid to one Cosper the note, said Cosper having acquired the same, and charged it to the plaintiff's account, paying the same with cotton. Counsel for the appellee is of the opinion, it seems, that the evidence shows the death and insolvency of Smith, and that the sum paid by the plaintiff was a total loss to him. If so, counsel is resting upon a misapprehension of the record; for no such testimony appears. In this state of the proof as it appears in this record it seems that there is no room for the application of the doctrine of error without injury in the action of the court in holding the count not subject to the demurrer. Indeed, it may be questioned whether the mere proof that plaintiff paid the note, without more, was sufficient to afford a reasonable inference by the jury of loss and damage, as is required in cases of this character. This, however, we need not determine, as it clearly appears from brief of counsel for appellee to have been a mere matter of omission

from the record, and the purposes of another trial are subserved by directing attention thereto.

For the error indicated, the judgment of the court below is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.