(94 South. 70)

### PRESTON MOTORS CORPORATION v. WOOD. (6 Div. 530.)

(Supreme Court of Alabama. June 29, 1922.)
Rehearing Denied Oct. 12, 1922.)

**1. Fraud &#x25C9;&#x2192;43—Complaint failing to allege promise was made with intent to defraud demurrable.**

A complaint in an action of deceit, alleging matters of promise made by defendant, which fails to allege that the promise was made with the intent to defraud, and with the intention at the time not to perform, is subject to demurrer.

**2. Pleading &#x25C9;&#x2192;364(1)—Matters of promise descriptive of averments of existing or past facts not subject to be stricken out.**

Averments relating to matters of promise which were not stated as separate causes of action, but as descriptive of the cause of action alleged in connection with the averments as to existing or past facts which were entirely sufficient, were not to be stricken as frivolous, scandalous, unduly impertinent, or immaterial to the cause of action alleged.

**3. Set-off and counterclaim &#x25C9;&#x2192;28(1)—Defendant in action for deceit entitled to set off sum due on contract.**

An action for deceit in inducing a contract ratifies the contract, and defendant is entitled to set off any sum due him under the contract.

---

**4. Fraud** ⊛═65(1)—**Refusal to instruct on set-off held error.**

In an action for deceit in inducing contract for the purchase of capital stock, refusal to instruct that where plaintiff elects to bring his suit for deceit, alleged to have been practiced on him by another to induce him to enter into a contract, he thereby affirms the contract, and the other party must be given credit for the full amount due upon the contract in arriving at the amount due by either party to the other, was error.

**5. Fraud** ⊛═59(2)—**Damages difference between actual and represented value.**

Where the buyer retains title and does not offer to rescind but sues for deceit of the seller in inducing the contract, the measure of damages is the difference between the actual value of the property at the time of the sale, and what it would have been had it been as represented.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action of deceit by J. S. Wood against the Preston Motors Corporation. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint as amended reads as follows:

"Plaintiff claims of defendant $30,000,000 as damages for that heretofore, to wit, on the 27th day of November 1919, defendant then being engaged in a scheme to sell its capital stock or a large part thereof, made various false and fraudulent representations to plaintiff, viz. falsely stating that on the next day shares of the capital stock of defendant corporation to be sold by defendant would be advanced by defendant in selling price from $10 per share to $12.50 per share; that defendant had earned and paid dividends; by stating or publishing false specifications of the automobiles which defendant claimed it was manufacturing; by stating to plaintiff that defendant would not require him to make further payments on any part of said stock until such part was sold by plaintiff at the advanced price. viz. $12.50 per share, at which defendant said the same would be advanced the next day; by which said false and fraudulent representations defendant induced plaintiff to agree to purchase a large number, to wit, 2,000 shares of the capital stock of said corporation at $10 per share, and to pay to the defendant a large sum, to wit, $5,000 on account of said purchase. And relying on said false statements, plaintiff did agree to purchase said stock and did pay to defendant a large sum, to wit, $5,-000 on that account, and spent a large amount of time and money in or about his efforts to sell said stock, and was put to great trouble, inconvenience, and expense in or about his efforts to sell said stock; and plaintiff lost all, or a large part of the said sum paid to defendant; and plaintiff was unable to sell all or most of said stock; and said stock was of greatly less value than par, and was of greatly less value than $12.50 per share, and was of very little or no value; and plaintiff lost the difference between the real value of said stock, and the value of same had the facts been as represented by defendant as aforesaid; and plaintiff lost the difference between the real value of said stock and $12.50 per share; and plaintiff lost the difference between the real value of said stock and $10 per share; and plaintiff bought said stock for the purpose of resale; and defendant knew of said purpose at the time of said purchase"—wherefore he sues, etc.

Charge 15, requested by and refused to the defendant, reads:

"15. When the plaintiff elects or chooses to bring his suit for deceit, alleged to have been practiced on him by another to induce him to enter into a contract, plaintiff thereby affirms that contract, and the jury must give the other party to the contract credit for the full amount due upon the contract, in arriving at the amount due by either party to the other."

Weatherly, Birch & Hickman, of Birmingham, for appellant.

The false representations named in the complaint are averred conjunctively, and must therefore stand or fall together. 205 Ala. 254, 87 South. 626; 123 Ala. 246, 26 South. 349; 101 Ala. 497, 13 South. 793; 167 Ala. 269, 52 South. 648. The alleged statement that on the next day the shares of stock would be advanced by defendant in selling price from $10 to $12.50 per share is a mere expression of opinion, or intention, or promise and plaintiff could not legally rely thereon as an inducement to enter into the contract. 72 Ala. 207; 112 Ala. 576, 20 South. 929; 162 Ala. 481, 50 South. 227; 130 Ala. 324, 30 South. 355; 20 Cyc. 22, 51; 68 Ill. 604. Plaintiff must not only have relied on the alleged false statement to his injury, but must have had the right to rely on same. 188 Ala. 122, 65 South. 1015; 82 Ala. 495, 1 South. 852; 84 Ala. 95, 4 South. 237; 178 Ala. 110, 59 South. 61; 4 Thomp. Corp. (235), § 4147. Plaintiff, having brought his action for deceit, thereby affirms his contract, and defendant is entitled to credit as against any amount of damages the jury might find, and under the plea of set-off, any further amount in excess of plaintiff's damages. 20 Cyc. 86; 111 Ala. 194, 20 South. 514; 202 Ala. 238, 80 South. 76; 124 Ala. 451, 27 South. 518.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The averments of fraudulent misrepresentations are not made in the conjunctive, but in separated form. 97 Ala. 265, 12 South. 714; 166 Ala. 443, 52 South. 38; 3 Ala. App. 448, 57 South. 263. Statements in reference to what may or will happen in future are not ordinarily the subject of actionable deceit; but this rule does not apply where a promise is made with intent to defraud. 11 Ala.

---

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

App. 670, 66 South. 955; 188 Ala. 122, 65 South. 1015; 192 Ala. 396, 68 South. 298; 77 Ala. 364, 54 Am. Rep. 60; 20 Cyc. 18; 12 R. C. L. 238; 62 Minn. 146, 64 N. W. 158, 35 L. R. A. 425, 54 Am. St. Rep. 628; 14 C. J. 558, 609. The acts of the directors of a corporation in declaring a dividend and in publishing the fact for the purpose of inducing the public to purchase the stock of the company in the belief that the dividend has been earned, when in fact it has not been earned, will sustain an action of deceit where the other elements of actionable fraud are shown. Fletcher's Cyc. Corp. 6523; 180 Ala. 127, 60 South. 143; 77 Ala. 357, 54 Am. Rep. 60. The allegation of representation that plaintiff would not have to pay anything for his stock, was sufficient in law. 30 Ala. 92; 201 Ala. 133, 77 South. 554, L. R. A. 1918C, 839; 27 C. J. 52. The refusal of a charge, though a correct statement of law, will not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given in the court's oral charge or in charges given at the request of the parties. 16 Ala. App. 313, 77 South. 463. Plaintiff was entitled to his bargain, and his bargain was that the price of the stock would be increased to $12.50 a share. 188 Ala. 122, 65 South. 1015; 189 Ala. 579, 66 South. 600; 20 Cyc. 132; 38 Ala. 359, 81 Am. Dec. 56; 37 Ala. 438; 34 Ala. 663; 29 Ala. 668; 29 Ala. 373; 93 Ala. 373, 9 South. 159; 132 Ill. App. 512; (D. C.) 214 Fed. 168.

GARDNER, J. This is an action of deceit, plaintiff in the court below (appellee here) recovering a judgment in the sum of $1,500, from which the defendant has prosecuted this appeal.

[1] The complaint consisted of one count. The court below construed the averments of fraudulent representation set forth in this count as having been stated conjunctively, and in this construction we agree. Some of the averments of fraudulent representation relate to matters of existing or past fact. Those relating to matters of promise made on the part of defendant, if standing alone and independently forming a basis for a cause of action, would doubtless be demurrable for a failure to aver that the promise was made with intent to defraud, and with the intention at the time not to perform. 4 R. C. L. 609; Montgomery South. Ry. v. Matthews, 77 Ala. 357, 54 Am. Rep. 60; Stone v. Walker, 201 Ala. 130, 77 South. 554, L. R. A. 1918C, 839; Wall v. Graham, 192 Ala. 396, 68 South. 298.

[2] But these averments were not stated as separate causes of action, but more as descriptive of the cause of action alleged in connection with the averments as to existing or past facts, which were entirely sufficient. These averments therefore not being frivolous, scandalous, unduly prolix or impertinent or immaterial to the cause of action alleged, were not subject to be stricken on motion of the defendant. Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 65 South. 1015. If descriptive of the cause of action alleged, they form a material part of the complaint, necessary to be proven. Southern Ry. v. Lee, 167 Ala. 268, 52 South. 648; B. R. L. & P. Co. v. Hunnicutt, 3 Ala. App. 448, 57 South. 262, and authorities cited. We are therefore of the opinion this count was not subject to the demurrer interposed, and that the motion to strike portions of the complaint was properly overruled.

[3] Plaintiff on November 24–27, 1919, purchased from the defendant 2,000 shares of its preferred stock, of the par value of $10 per share, entering into a written contract for the purchase of same, and executing notes for the deferred payments. He paid on the purchase price $5,000, but he was at the time the agent of the defendant engaged in selling such stock to the general public, and immediately received in return from the defendant company $4,000 in cash as his commission of 20 per cent., to which he considered himself entitled as agent of the defendant in selling the stock to himself. Subsequent to this transaction, some of the stock was sold and paid for, and the plaintiff given credit.

The defendant interposed special plea setting up that the balance due defendant by plaintiff was $14,600 under a contract of purchase, and that defendant was ready, able and willing to deliver the stock certificate upon the payment of the balance of the purchase price, and offered to set off this amount against the demand of plaintiff, claiming judgment for the excess. This action of deceit proceeded upon the theory of an affirmance of the contract, alleged to have been fraudulently procured (20 Cyc. 86), and the theory of law supporting this special plea is not controverted by counsel for appellee. As said by the Nebraska court in McCready v. Phillips, 56 Neb. 446, 76 N. W. 885:

"This is not an action to rescind, but one for damages. It ratifies the contract. Plaintiff is entitled to his damages on the basis of a contract performed. He cannot repudiate it in part, and have his damages entire."

[4] The defendant conceiving that the trial court had not fairly and substantially instructed the jury in the oral charge upon the theory of the defense set forth in the special plea, requested charge 15, which appears in the report of the case, and which the court refused.

We are of the opinion that upon the principle above discussed, this charge stated a correct proposition of law, was directly applicable to the facts in this case, and most material from the defendant's standpoint.

We have examined the oral charge of the court, and particularly the portions thereof pointed out in brief of counsel for appellee,

but have reached the conclusion that the question of law presented by this charge was not fairly and substantially embraced in the oral instruction, but was only referred to in a general and casual manner. The question involved in this charge was, as previously stated, most vital to the defendant's case, and we conclude that its refusal constitutes reversible error.

Some few additional questions were treated upon original consideration of this cause, among them the motion for a new trial upon the ground the verdict was excessive.

[5] Upon application for rehearing, counsel for appellee have most vigorously assailed the conclusion then reached in this respect, upon the ground that this court had misconstrued the rule as to measure of damages in actions of this character, where the plaintiff elects to affirm the contract and sue for damages for the deceit. We recognize the general rule to be in this state, as contended by appellee's counsel, that if plaintiff retains title and does not offer to rescind, but sues for damages for the deceit, the measure of his damages is the difference between the actual value of the property at the time of the sale, and what it would have been had it been as represented. Tillis v. Smith Lbr. Co., 188 Ala. 122, 65 South. 1015; 20 Cyc. 132.

We had thought, however, that in a case of this character, where, as here, the plaintiff had become a subscriber to the capital stock of the corporation and elected to remain a stockholder, that a different rule must obtain, and that there was a distinction between such a case and those involving ordinary sales of chattels and goods. We have re-examined in review of this question the original brief of counsel for appellee, and do not find that any of the cases therein cited are directly applicable to the situation here presented. The Tillis Case, supra, related to alleged fraud of the owner of stock in the sale or exchange thereof, and of course the general rule as to goods and chattels was given application. The case of So. States F. & C. Co. v. Tanner, 180 Ala. 30, 60 South. 81, was one for rescission for the fraud; while in that of King v. Livingston Mfg. Co., 180 Ala. 120, 60 South. 143, the complainant sought discovery and a recovery of the money paid in as a result of fraud. Ala. Foundry Co. v. Dallas, 127 Ala. 513, 29 South. 459, was a suit upon a note given for subscription to capital stock, and only involved the question of defense thereof for fraud. So, also, the case of Bibb v. Hall & Farley, 101 Ala. 79, 14 South. 98.

Our investigation, however, discloses that some of the authorities make this distinction between the contracts relating to goods and chattels and those of subscription to shares of stock, and go to the extent of denying the right of action against the corporation for damages for deceit, where the sub-scriber has elected to affirm the contract of subscription and remain a shareholder. We refer particularly to the case of Wilson v. Hundley, from the Supreme Court of Virginia, reported in 96 Va. 96, 30 S. E. 492, 70 Am. St. Rep. 837, wherein it was held that a shareholder, who was induced to purchase his shares by the fraud of an agent of the company, could not maintain an action against the company for damages for deceit so long as he remains a member of the company, as such an action would be at variance with the contract entered into by him with his fellow shareholders in becoming a member. The Virginia court reasons the question in the following manner:

"A subscription to the capital stock of a joint stock company is not only an undertaking to the company, but with all other subscribers. It is of the essence of the contract between the shareholders that they shall all contribute ratably to the payment of the company's debts and liabilities. The amount which each pays, or agrees to pay, for his stock is, by his contract of membership, dedicated to that end. If a subscriber, who has been induced by fraud to purchase his shares, elects after the discovery of the fraud to affirm his contract of subscription, he thereby, in effect, says: 'Notwithstanding the fraud by which I was induced to become a member of the company, I shall still stand in with it, and take my chances.' If he could thereafter maintain an action against the company for damages for the fraud, which, if right in principle, might go to the extent of allowing him to recover back by way of damages all that he had paid in on account of his shares, he would thereby recoup his entire loss; and, notwithstanding his election to retain his shares and to continue a member of the company, he would contribute, in fact, not one cent to the payment of the debts and liabilities. The effect, therefore, of allowing an action to be maintained by a shareholder against the company for fraud would be to throw the burden of the payment of the debts and liabilities on the other shareholders, who are as innocent of the fraud as he—a result which would be wholly at variance with his contract of membership."

We have found no case in this state directly in point, but in Stone v. Walker, 201 Ala. 130, 77 South. 554, L. R. A. 1918C, 839, we find a quotation from Kennedy v. McKay, 43 N. J. Law, 288, 39 Am. Rep. 581, which is to like effect. See, also, Thompson on Corporations, §§ 727–739, and Cook on Corporations, §§ 140, 157, therein cited. The case of Stone v. Walker, did not involve this direct question.

Upon this question, however, we express no opinion, but have deemed it proper to call attention to these authorities which have come to our notice in the investigation of the question presented, so that in the future progress of the cause it may be given more elaborate consideration. We have therefore thought it appropriate to pretermit a consideration or determination of the questions

formerly treated, and rest the reversal upon the error above indicated.

The application for rehearing is denied, and the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.