145 So. 450

**SCHWAB v. CARTER et al.**

6 Div. 168.

Supreme Court of Alabama.
Jan. 12, 1933.

Rehearing Denied March 2, 1933.

J. B. Ivey, of Birmingham, for appellees.

William Vaughan and Arthur L. Brown, both of Birmingham, for appellant.

THOMAS, Justice.

This appeal challenges the overruling of the demurrer to the bill to set aside conveyances procured as the result of the fraud alleged.

The original bill and exhibits, and the amendment thereto will be considered together as one pleading, and one may supplement the other. Woodall v. Southern Mfg. Co., 223 Ala. 262, 135 So. 446; Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90; Federal Automobile Ins. Ass'n v. Abrams, 217 Ala. 539, 540, 117 So. 85; State ex rel. Garrow v. Grayson, Judge, 220 Ala. 12, 14, 123 So. 573; Central Lumber Co. v. Jacks, 222 Ala. 475, 477, 132 So. 721; Hobson v. Robertson, 224 Ala. 49, 138 So. 548; United States Fidelity & Guaranty Co. v. First Nat. Bank of Lincoln, 224 Ala. 375, 140 So. 755.

For the purposes of the demurrer, the averments of the bill are taken as true. Gewin v. Shields, 167 Ala. 593, 52 So. 887; Edmondson v. Jones, 204 Ala. 133, 85 So. 799. And a demurrer to a bill in equity as a whole cannot be sustained, "if, for any equity appearing in it, the complainants are entitled to relief." Beall & Coston v. Lehman Durr &

Co., 110 Ala. 446, 18 So. 230, 232; George v. Central Railroad & Banking Co., 101 Ala. 607, 608, 14 So. 752; Tillman v. Thomas, 87 Ala. 321, 6 So. 151, 13 Am. St. Rep. 42; Shipman v. Furniss, 69 Ala. 555, 563, 44 Am. Rep. 528; McMahon v. McMahon, 170 Ala. 338, 54 So. 165. That is, where a bill has equity independent of the defect set up in the demurrer, a demurrer addressed to the whole bill should be overruled. Southern States Fire & Casualty Ins. Co. v. Whatley, 173 Ala. 101, 55 So. 620; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413.

■ A demurrer to the bill as a whole, and to each paragraph separately, can be treated only as a demurrer to the bill as a whole, and assignments directed to different paragraphs cannot be considered. Wood v. Estes, 224 Ala. 140, 139 So. 331; National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 652, 141 So. 645. The mode of testing a bill as a whole, and then its several aspects, was considered in Oden v. King, 216 Ala. 504, 507, 113 So. 609, 54 A. L. R. 1413; City of Birmingham v. Louisville & N. R. Co., 216 Ala. 178, 185, 112 So. 742; Kelly v. Carmichael, 217 Ala. 534, 537, 117 So. 67; Abrams v. Abrams, 225 Ala. 622, 144 So. 828.

■■ The averments of fraud are specific and sufficient under the authorities. Hartzog v. Andalusia Nat. Bank, 222 Ala. 170, 131 So. 433, and authorities. And fraud may be predicated on promises made with intent not to be performed, and which are such that deceive. Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1, and authorities cited; Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70; Southern Building & Loan Association v. Dinsmore (Ala. Sup.) 144 So. 21;[1] Southern Building & Loan Association v. Bryant (Ala. Sup.) 144 So. 367;[2] 51 A. L. R. 63, citing Alabama decisions in note. The bill is properly framed as to other defendants than Schwab.

■ The demurrer of defendant Schwab was separately directed to the bill and separately assigned as error. And we are of opinion, and so hold, that the bill is defective in failing to aver notice and to connect the respondent Schwab with the fraud averred as to the other defendants, and as charged in the bill against them. Moreover, the mortgage as exhibited is shown to have been attested or signed by the complainant, W. M. Carter, as secretary of the corporation. There was error in overruling Schwab's demurrer. The judgment is reversed as to the respondent-appellant Schwab.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] 225 Ala. 550.    [2] 225 Ala. 527.