158 So. 324

## ZUCKERMAN v. COCHRAN.
### I Div. 843.

Supreme Court of Alabama.
Dec. 20, 1934.

---

Gordon, Edington & Leigh, of Mobile, for appellant.

Jere Austill, of Mobile, for appellee.

GARDNER, Justice.

Action for deceit in the purchase of real estate sold by defendant to plaintiff. The foundation of the suit rests upon a future promise as to the resale of the property for a profit.

While a failure to fulfill a mere promise or undertaking—something to be done in the future—alone will not constitute actionable fraud, yet if with intent to deceive a promise is made with no intention of fulfillment at the time, and injury to the defrauded party results therefrom, fraud may be predicated thereon, notwithstanding the future nature of the representations. This is the settled rule in this state (Snell National Bank v. Janney, 219 Ala. 396, 122 So. 362; Schwab

486

v. Carter, 226 Ala. 173, 145 So. 450; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Bradfield v. Elyton Land Co., 93 Ala. 527, 8 So. 383; Cooke v. Cook, 100 Ala. 175, 14 So. 171; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Wall v. Graham, 192 Ala. 396, 68 So. 298), and is in accord with the current of authority elsewhere (12 R. C. L. 261; 51 A. L. R. 63).

 Count 3 meets the requirements of our decisions. It discloses a fraudulent scheme on defendant's part, participated in by one Schuster, to induce the purchase by plaintiff for $2,000 of land which is alleged to be worthless, by the representation or promise that Schuster would repurchase the property from him at a profit, which promise was made with no intention at the time of fulfillment, all of which defendant well knew. Such character of fraud is in principle at least somewhat akin to inflation of price at public sale by "puffers or sham bidders," considered in Wilson v. McKleroy, 206 Ala. 342, 89 So. 584.

More nearly analogous to the instant case are those of Sharkey v. Burlingame Co., 131 Or. 185, 282 P. 546, 549, and Cameron v. Edgemont Inv. Co., 136 Or. 385, 299 P. 698, where the inducement was the promise to resell at a profit.

Such were defendant's representations here, with the added feature that he presented to plaintiff the future purchaser. The count makes out a case of a promise with no intention of performance and for the very purpose of accomplishing a fraud, and, as said in the Sharkey Case, supra, this "is a most apt and effectual means to that end, and the victim has a remedy by action or defence."

We gather from the record, however (no brief for appellee here appears), that the trial court sustained demurrer to the count upon the theory of the statute of frauds. But plaintiff seeks no enforcement of any contract nor sues for a breach thereof. His right of action rests upon fraudulent conduct, and not upon contract. The applicable rule is stated in 27 Corpus Juris 168, as follows: "The fact that false representations are made in connection with a contract, which the general statute of frauds requires to be in writing does not render it necessary that such representations shall be in writing in order that they may sustain an action of deceit, or be relied upon as ground for rescinding the contract." This question is discussed in Whitcomb v. Moody (Tex. Civ. App.) 49 S.W. (2d) 513, and Kinkaid v. Rossa, 31 S. D. 559,

141 N. W. 969, Ann. Cas. 1915D, 1098, and many cases are cited in the note of 51 A. L. R. 96–106, where real estate was involved. See, also, 68 A. L. R. 640 and 91 A. L. R. 1301.

We therefore conclude error to reverse was committed in sustaining the demurrer to count 3. As to count 4, it is, of course, essential that injury be shown (Wall v. Graham, supra), and it would appear that Schuster's failure to fulfill his promise and repurchase is only inferentially disclosed, and that construing the complaint most strongly against the pleader, the count would be insufficient. But as the ruling on count 3 suffices for all purposes, any definite determination of that question is unnecessary and may be pretermitted.

For the error indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.