179 So. 241

## BYNUM v. RUCKER et al.

### 6 Div. 230.

Supreme Court of Alabama.

Feb. 17, 1938.

J. T. Johnson, of Oneonta, for appellant.

R. G. Kelton, of Oneonta, for appellees.

BOULDIN, Justice.

Bill in equity by purchaser of real estate to rescind for fraud.

Complainant had purchased the mineral interest in a 60-acre tract of land, paying $900 cash therefor.

The specific averments of fraud are:

"That in the negotiations leading up to said contract the respondent, I. N. Rucker, fraudulently represented to the complainant that there was in and under said land great quantities of valuable ore known as manganese ore; and that said manganese ore was four feet thick and of high grade, and complainant, on said representations, relying and acting on the truthfulness of said statement that there was large quantities of valuable manganese ore of a thickness of four feet in and under large portions of said land, paid to the said I. N. Rucker, in the manner hereinafter set forth and for his benefit, the sum of Nine Hundred Dollars ($900.00) in money. * * *

"The complainant further avers that said land did not contain said manganese ore, that there was no valuable ore in or under said lands, and the complainant further avers that the said I. N. Rucker, at the time of the execution of said deed and the receipt of said Nine Hundred Dollars ($900.00), then knew that there was no valuable mineral in or under said land hereinabove described. And the complainant by means of the fraudulent representations knowingly made by the said I. N. Rucker procured from the complainant the sum of Nine Hundred Dollars ($900.00), which in equity and good conscience, should be returned to the complainant."

These excerpts from sections 2 and 3 of the bill, respectively, charge fraud as broadly defined in Code, § 8049. The one "misrepresentations of a material fact," "and acted on by the opposite party," whether made "recklessly without knowledge" or "by mistake and innocently." The other "misrepresentations of a material fact, made wilfully to deceive" and "acted on by the opposite party."

The burden was on complainant to prove the misrepresentations substantially as alleged, and that they were acted upon to his hurt. The evidence on this issue is voluminous.

It has been considered with care. Indulging no presumption in favor of the finding of the trial court, the witnesses not being examined orally before him, we concur in his conclusion that complainant has failed to prove the averments of fraud to our reasonable satisfaction. No good purpose is to be served by an extended review of the evidence in this opinion.

Suffice to say the purchaser had much practical experience in mining manganese

ore of the type found on this place, while the vendor had little or none. Any expressions of the owner's view as to the extent and marketable quality of the ore on this tract were known to be mere matter of opinion.

 Pending negotiations, the purchaser went upon the property, as well as adjoining property where mining operations for similar ores were conducted. He became fully advised that the only definite knowledge had by the seller of the extent or quality of the ore on this tract was derived from mining operations some years before by other persons who had made several openings and assembled a quantity of ore at one large opening, which ore had been abandoned, and later the present owner had dumped it into this opening, filled up all the openings, and conducted farming operations thereon. Preparatory to an inspection by the purchaser, the surface was removed down to the ores so dumped into this larger opening. A sample from this exposure disclosed merchantable manganese ore. The quantity of ore of similar character which the seller claimed had been dumped into this hole was supported by the weight of the evidence. Complaint is made that the seller represented this ore all came out of that hole, while evidence tends to show it was assembled from more than one opening; the quantity coming from elsewhere on the place not appearing in the evidence. Assuming the purchaser, though familiar with mining operations of this kind, did not anticipate that the contents of the pile of ore, which he was advised had been assembled in a bin, was not wholly from the opening, this one phase of evidence does not make out a case of fraud as averred in the bill of complaint.

It does not reasonably appear the purchaser acted upon any representations of the seller touching the quantity or quality of the ore on the tract of lands, but took a long chance on his own judgment, buying the mineral rights at about one-tenth the value, in case further development should show manganese ore of the quantity and value alleged in the bill to have been represented by the seller.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.