186 So. 156

### STEINER BROS. v. SLIFKIN.

#### 6 Div. 349.

Supreme Court of Alabama.
Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellant.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellee.

THOMAS, Justice.

The submission was on motion to strike bill of exceptions and on merits.

The matter presented by way of motion to strike the bill of exceptions is not efficacious for such purpose. The judge of the circuit court signed the same within the requirements of the statute. The rule of the Jefferson County Circuit Court, in question, may not change or vary the terms of the general statutes as to bills of exceptions. The motion is overruled.

The attention of this Court was directed, on oral argument, to the action of the trial court in overruling plaintiff's demurrers to defendant's plea number seven. This was presented by grounds of demurrer numbered 3, 12, and 13.

It has long been the rule of this jurisdiction that allegations of fraud in a pleading must set forth the facts constituting the fraud and to be sufficient must do this with reasonable certainty. Zuckerman v. Cochran, 229 Ala. 484, 158 So. 324; Hyman v. Langston, 210 Ala. 509, 98 So. 564. That is to say, a plea is bad which sets up a statement of facts of a contemporaneous verbal agreement which is repugnant to and contradictory to the terms of the written instrument declared upon and the express intention of the parties therein contained. West & West v. Kelly's Ex'rs, 19 Ala. 353, 54 Am.Dec. 192; Gliddens v. Harrison, 59 Ala. 481; Jackson v. Sample, 234 Ala. 75, 173 So. 510; Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733; James v. Cortright, 220 Ala. 578, 126 So. 631.

It may be observed that the recent decisions are to the effect that: "While a failure to fulfill a mere promise or undertaking—something to be done in the future—alone will not constitute actionable fraud, yet if with intent to deceive a promise is made with no intention of fulfillment at the time, and injury to the defrauded party results therefrom, fraud may be predicated thereon, notwithstanding the future nature of the representations. This is the settled rule in this state (Snell National Bank v. Janney, 219 Ala. 396, 122 So. 362; Schwab v. Carter, 226 Ala. 173, 145 So. 450; Nelson v. Shelby Mfg. & Imp. Co., 96 Ala. 515, 11 So. 695, 38 Am. St.Rep. 116; Bradfield v. Elyton Land Co., 93 Ala. 527, 8 So. 383; Cooke v. Cook, 100 Ala. 175, 14 So. 171; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Wall v. Graham, 192 Ala. 396, 68 So. 298), and is in accord with the current of authority elsewhere (12 R.C.L. 261; 51 A.L.R. 63)." Zuckerman v. Cochran, 229 Ala. 484, 485, 158 So. 324, 325.

See, also, Snell National Bank v. Janney, 219 Ala. 396, 122 So. 362; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70. Such are the general authorities. 12 R.C.L. 261.

The special plea set up a collateral agreement inconsistent with the terms of the written instrument in question. Evidence that tended to contradict or vary the writing or defeat its operation is inadmissible in pleading and evidence. Perkins Oil Co. of Delaware v. Davis, 228 Ala. 190, 153 So. 417.

The action of the trial court in overruling plaintiff's demurrer to defendant's plea seven is duly assigned as error and presented by argument. The suit being brought upon an unconditional promise to pay, and there being no allegation of any facts showing fraud in procuring the signature by misrepresenting or concealing the contents of the instrument in question, there can be no alteration or contradiction of that instrument by parol agreement which was alleged to have been made at the time of execution of the written agreement. Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, and authorities there cited.

The foregoing is sufficient to indicate the error of the trial court in overruling demurrer to plea seven.

It is unnecessary to discuss other questions, as the case should be tried on proper issues.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.