89 So.2d 528

Katie BIBB

v.

John DIFFLEY, d/b/a American Veneering Company et al.

3 Div. 756.

Supreme Court of Alabama.

Sept. 6, 1956.

Thos. W. Sullivan, Montgomery, for appellant.

A. Pope Gordon, Wm. J. Fuller, Jr., and L. A. Sanderson, Montgomery, for appellees.

SPANN, Justice.

The complainant, Katie Bibb, filed her original bill of complaint against John Diffley d/b/a American Veneering Company, Guy Renfro and J. T. DeLoach. The bill sought to have a note and mortgage set aside on the ground that they were obtained by fraud. Demurrers were sustained to the original bill, and the complainant then filed an amended bill. Respondents Renfro and Diffley filed separate demurrers to the bill as amended and the court entered a decree sustaining the demurrers. The complainant took this appeal from that decree.

In the third paragraph of her amended bill, the complainant attempts to allege fraud in this manner:

"3. Complainant alleges that heretofore on to-wit, the 24th day of March, 1955, a mortgage and note were executed by the Complainant to Respondent Guy Renfro; that said note and mortgage were on the property set in paragraph 2 of this Bill of Complaint and further that said note and mortgage were procured by fraud in that false representations were made to Complainant in order to induce Complainant to sign said note and mortgage; that said papers were represented to Complainant to be papers authorizing repairs on the home of Complainant and not to be a note and mortgage."

We cannot ascertain from the bill which person it was who made the misrepresentations alleged in the third paragraph. But in the fifth paragraph, it is alleged that the respondent, Renfro, who is the mortgagee, *had knowledge of* the fraud. This is not a sufficient allegation to charge Renfro with fraud by concealment of facts. For aught that appears from the bill, Renfro could have made a complete disclosure of these facts to the appellant. And if it had been alleged that he had concealed the facts, he would still be guilty of no fraud in the absence of an allegation of facts show-

**44**

ing a duty to disclose them. See McClelland v. Coston, 227 Ala. 267, 149 So. 697(5); Pratt Land & Improvement Co. v. McClain, 135 Ala. 452, 33 So. 185; Griel v. Lomax, 89 Ala. 420, 6 So. 741; Van Arsdale & Co. v. Howard, 5 Ala. 596(2).

Paragraph seven of the bill is as follows:

"7. Complainant further alleges that prior to the execution of said note and mortgage, some work had been done on her house as *ed*scribed in paragraph 2, that the work was never completed, that she informed the Respondent John Diffley who was doing the work that she did not desire the work done, that she did not execute any contract with the said John Diffley for repairs, that the said John Diffley represented to her that the repairs which he was goin*e* to do and did do would be free, that he made many and sundry representations as to how he would be compensated for his services but that in all such conversations she was never informed that said repairs would be charged to her."

This is apparently an attempt to charge respondent Diffley with perpetrating a fraud upon the complainant.

 Since the bill of complaint nowhere shows that any of the misrepresentations actually induced the complainant to act to her injury, the demurrers raising that point were well taken. No relief will be given because of misrepresentations which are not shown to have been relied upon. See Bynum v. Rucker, 235 Ala. 353, 179 So. 241 (2, 3); Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312 (9, 10); Wall v. Graham, 192 Ala. 396, 68 So. 298(1, 2).

We conclude that the court did not err in sustaining the demurrers to complainant's bill. The decree is therefore affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.