39 So.2d 386

**DILLARD et al. v. HOVATER et al.**

**8 Div. 453.**

Supreme Court of Alabama.

March 17, 1949.

Rehearing Denied March 31, 1949.

T. K. Selman and R. L. Newton, of Jasper, H. H. Hamilton, of Russellville, and F. E. Throckmorton, of Tuscumbia, for appellants.

63

Guin & Guin, of Russellville, for appellees.

BROWN, Justice.

The bill in this case was filed on January 21, 1944, by the appellants claiming as the heirs at law of J. F. Dillard, deceased, against the respondents alleged to be the other heirs at law of said Dillard. The bill as originally filed sought the cancellation of three deeds executed by the decedent in 1936, 1937 and 1938, covering the lands, the subject-matter of this litigation, conveying the same to the respondent Mamie Dillard Hovater, on sundry grounds stated in the bill and the sale of the property for distribution among the joint owners. The bill alleges:

The complainants and the respondents each own a one-seventh undivided interest therein "subject however to three purported deeds" and that said lands cannot be partitioned in kind or equitably divided between said tenants in common and a sale for division of the proceeds is necessary. That the said J. F. Dillard had been for a long number of years before his death the owner of the lands above described and on December 29, 1936, July 20, 1937, and October 5, 1938, executed to the respondent Mamie Dillard Hovater, who at that time was Mamie Dillard, three purported warranty deeds to said property, copies of which are attached to the bill and marked Exhibts A, B and C and made a part thereof.

The complainants allege that the said deeds and each of them are null and void and of no legal effect in this: "A. For that (they) were not the voluntary acts of said J. F. Dillard. (b) For that same were without sufficient consideration. (c) For that the said J. F. Dillard was a person of unsound mind and mentally incapable of executing any of the said purported deeds. (d) For that at the time said purported deeds were executed the said J. F. Dillard was a very old man, sick and diseased and of feeble mind and said instruments were wrongfully procured by Mamie Dillard Hovater by the exercise of undue influence over him by the said Mamie Dillard Hovater, she being his daughter and of strong mind and body. (e) The said purported deeds were procured by the said Mamie Dillard Hovater pursuant to a deliberately formed scheme and design on her part to get possession of said lands and to deprive the complainants of their just inheritance and should be decreed by the court to be void and of no legal effect. (f) For that the consideration of the deed made exhibit A to this bill of the complaint shows the consideration to be as follows: 'For and in consideration of the love and affection toward my daughter Mamie Dillard and her agreement to live with and care for me during my natural life and the further consideration of one dollar,' and it is averred that the said Mamie Dillard did not comply with her part of this agreement, but did fail, neglect or refuse to look after and care for the said J. F. Dillard, after death, but for a long period of time after the date thereof abandoned him, hence the consideration of said purported deed failed and the same is of no legal effect and should be by a decree of this court cancelled."

The bill prays, among other things, "that upon said final hearing of said cause that the court will make and enter a decree to the effect that all of said deeds made exhibits hereto be of no legal effect and that they be cancelled as is provided by law in such cases." The bill also prays for sale of the land for distribution among the joint owners and for general relief. The several deeds sought to be cancelled are attached to and made exhibits A, B and C to the original bill.

The respondents demurred to the bill on numerous grounds and upon submission on the demurrer the court sustained the same, granting complainants leave to amend. Complainants amended by striking from paragraph 2 the allegation that, "all of said above lands being owned subject, however, to three purported deeds hereinafter described;" and further by striking paragraph 5 as it appears in the original bill and substituting therefor paragraph 5-A which alleges:

"That at the time the deed marked exhibit A to the bill of complaint, to-wit, December 29, 1936, the said J. F. Dillard was an old man and in his dotage, he was afflicted with some kidney disease and was suffering from hypertension, he was not capable of attending to his business or looking after his own affairs, and was sick and helpless, and his daughter Mamie Dillard, who has since married and is now Mamie Dillard Hovater was a young woman, very shrewd, and living with and being supported from the rentals and returns from her father's property, all of which is described in this bill of complaint.

"Complainants further allege that on said date the said Mamie Dillard Hovater, by the exercise of undue influence over her old and disabled father, and by the expressions of her love and affection for him, and by making of false promises to live with and support and care for him during his natural life, procured the signature of her father to the deed marked Exhibit A to this bill of complaint; that after procuring said deed said Mamie Dillard Hovater continued to live with her father for a time; she received her principal support from him and neglected to look after and care (for) him as agreed, finally abandoning him entirely, leaving him on the hands of the complainant and other members of the family.

"Complainant further alleges that the lands described in the said deed marked Exhibit A to the bill of complaint had a value of approximately $4,500.00, and there were seven rental houses situated thereon all rented and producing revenue in a sufficient amount to care for said J. F. Dillard according to his station in life and that the consideration stated in said deed is so

grossly inadequate as to shock the conscience of a reasonable person; that the agreement to convey for said consideration was made at a time when the said J. F. Dillard was sick, ailing and in no physical or mental condition to execute conveyances and was induced by the false and fraudulent promises of said Mamie Dillard Hovater and not a voluntary act of J. F. Dillard."

Like allegations were made as to each of said deeds. Demurrer was reinterposed to the bill as amended and on submission the court sustained the demurrer, with leave to the complainants to amend. These two rulings are made the basis of assignments of error one and two on this appeal from the final decree denying relief.

■ The quoted averments are, in our opinion, duplicitous, in that in one and the same challenge they undertake to assert not only undue influence but combined in one and the same challenge that the said deeds are void for want of consideration; that the grantor was a person of unsound mind and mentally incapable of executing said purported deeds; that said Dillard was a very old man, sick and diseased and of feeble mind and the instruments · were wrongfully procured by Mamie Dillard, his daughter, who was of strong mind and body; that said deeds were procured by the said Mamie Dillard Hovater pursuant to a deliberate scheme and design on her part; that one of said deeds was executed on a consideration of love and affection of the said Dillard toward his daughter, Mamie Dillard, and in consideration of an agreement to live with and help him during decedent's natural life; that the said respondent did not comply with the agreement on her part and has failed, neglected or refused to look after and care for the said J. F. Dillard and "hence the consideration in said purported deed failed and same is of no legal effect and should be by decree of this court cancelled."

The bill does not contain a clear and orderly statement of the facts on which it challenges the validity of said conveyances without prolixity or repetition in the averments as required by Rule 11, Equity Practice. Code of 1940, Tit. 7, p. 1050. Nor does it meet the requirement of good pleading as to undue influence applicable both to pleading in actions at law and proceedings in equity, under which it is permissible to plead facts showing the relations of the parties and sufficient to suggest or afford an inference that the grantee was the dominant party in the transaction, and further alleging that the grantor at the time of execution of each of said deeds was under the domination and control of the respondent Mamie Dillard, now Hovater, and that said conveyance or conveyances was the result and product of the undue influence exercised by her over the mind of the grantor and was not the result of the exercise of his free volition. Alexander v. Gibson, 176 Ala. 258, 57 So. 760; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Hughes v. Duke, 251 Ala. 220, 36 So. 2d 300, 303; Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 278, 61 So. 80, Ann.Cas.1916A, 543.

We are, therefore, of opinion that the court did not err in sustaining the demurrer to the bill as originally filed or as subsequently amended. The complainant then amended by striking therefrom all of the allegations and the prayer with reference to the execution of the deeds and the cancellation thereof, leaving the bill as one seeking a sale for division of the land and distribution of the proceeds thereof among the alleged joint owners.

To the bill as thus last amended the respondent interposed a plea in bar alleging that the complainants are without title or interest in the land described in the bill but on the contrary such lands are owned in fee simple by the respondent Mamie Dillard Hovater, who acquired title thereto through the execution of said deeds, the plea alleging:

"The lands described in paragraph 2(a) of the bill were conveyed by J. F. Dillard, common ancestor of the complainants and the respondents, unto Mamie Dillard, now Mamie Dillard Hovater, by warranty deed dated the 29, day of December, 1936. A substantially correct copy of such warranty deed is hereto attached, marked Exhibit 'A' and made by reference a part of this plea as fully as if set forth at length therein.

"The lands described in paragraph 2(b) of the bill were conveyed by J. F. Dillard, common ancestor of the complainants and respondents, unto Mamie Dillard, now Mamie Dillard Hovater, by warranty deed dated the 20, day of July, 1937. A substantially correct copy of such deed is hereto attached, marked exhibit 'B' and made by reference a part of this plea as fully as if set forth at length herein.

"The lands described in paragraph 2(c) of the bill were conveyed by J. F. Dillard, common ancestor of the complainants and respondents, unto Mamie Dillard, now Mamie Dillard Hovater, by warranty deed dated the 5, day of October, 1938. A substantially correct copy of said warranty deed is hereto attached, marked exhibit 'C' and made by reference a part of this plea as fully as if set forth at length herein.

"Wherefore, these respondents say that the complainants are without the right to the relief prayed for in their bill of complaint, and that these respondents should go hence with their reasonable costs in this behalf expended."

 Complainants' motion to strike the plea on the ground that it was a plea in abatement and was not sworn to was overruled without error. Thereupon the complainants joined issue on said plea. No other answer was filed by the respondents.

The effect of this plea was to admit the truth of the allegations of the bill as last amended and imposed on the respondents the burden of proving said plea. A Prowell v. Wilson, 219 Ala. 645, 123 So. 38. Proof of the exhibits to said plea was not made as required by Equity Rule 53, nor were the original deeds noted as testimony by either of the parties as required by Equity Rule 57, Code of 1940, Tit. 7, p. 1095. Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Boswell v. Longshore, 238 Ala. 535, 192 So. 267. This left the averments of the bill confessed and the plea without proof to support it. Prowell v. Wilson, supra.

The decree appealed from is, therefore, reversed and exercising our discretion under the statute we remand the case to the circuit court for further proceedings not inconsistent with this opinion. The complainants have leave to amend the bill to meet the defense set up in said pleas, if they are so advised.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.