68 So.2d 58

**DRAUGHON'S BUSINESS COLLEGE et al.**

**v.**

**BATTLES.**

**7 Div. 200.**

Court of Appeals of Alabama.

Nov. 11, 1952.

Rehearing Denied Jan. 13, 1953.

Frank M. James, Birmingham, for appellants.

Hawkins & Copeland, Gadsden, for appellee.

HARWOOD, Judge.

In the trial below the issues were submitted to a jury on count II, as amended, which count was as follows:

"Plaintiff claims of the defendants the sum of Three Hundred thirty-five and 00/100 ($335.00) Dollars damages for that on to-wit, August 30, 1949, the defendant, Draughon's Business College, acting by and through its agent and representative, defendant J. M. Braziel, who was then and there acting within the line and scope of his employment or agency, for the purpose of inducing plaintiff to purchase for his daughter, Katheryn Battles, a certificate entitling her to instructions in a business administration course given by defendant, Draughon's Business College, represented to plaintiff that he was buying a diploma from said college, and that during the time Plaintiff's said daughter was taking said course, defendants would furnish her part-time secretarial employment, which said employment would pay sufficient salary or wages to pay her living expenses, and that by reason of such representations, plaintiff paid to the defendant, Draughon's Business College, through its agent or representative, defendant J. M. Braziel, the sum of $335.00 in exchange for said certificate as aforesaid. Plaintiff avers that such representations were false, and then known to be false, or ought to have been known by said J. M. Braziel, acting within the line and scope of his employment, to have been false, and that as a proximate result thereof the plaintiff was damaged in the sum as aforesaid."

The jury returned a verdict in favor of the plaintiff and assessed his damages at $335. Judgment was entered pursuant to the verdict, and this appeal is from such judgment.

No motion for a new trial was filed.

The appellants' assignment of errors are four in number, and all relate to the court's refusal to give four written charges requested by appellants in the trial below. Each of these charges respectively was affirmative in nature.

The evidence presented by the plaintiff in the trial below tended to show that the defendant J. M. Braziel, a soliciting agent for the defendant Draughon's Business College, called at the home of the plaintiff for the purpose of persuading plaintiff's daughter, Kathryn, to enroll as a student in the Business College. The plaintiff, his daughter Kathryn, and plaintiff's wife were present at this interview.

The plaintiff testified that Mr. Braziel stated that he had been to the high school attended by Kathryn and checked her record in the business courses she had taken and that she was qualified to do part time secretarial work; that the school would have to have two weeks within which to find employment for her, and that during this two weeks she would have to pay her room and board. Thereafter the salary from the job to be secured for her by the school would be sufficient to pay her living expenses in Birmingham, and to enable her to pay for her trips to her home each weekend.

Thereupon the plaintiff purchased for his daughter what is labeled a "Lifetime Service Certificate" good for "a College Bus. Adm." course in the college, the holder being entitled to pursue such course as long as it is necessary to complete it.

The plaintiff stated that Mr. Braziel had stated that it should take eight or nine months to complete the course.

The plaintiff further testified that during their conversations Mr. Braziel had referred to and called this certificate a "diploma."

The above mentioned certificate is dated August 30, 1949.

On Monday, September 12, 1949, the plaintiff accompanied his daughter to Birmingham in order to enroll her in the business college.

There Mr. W. H. Foster, business manager of the school told him that while the plaintiff was to pay board for two weeks, he could place Kathryn in a private home immediately where she could earn her board. Mr. Foster accompanied them to the home of a Mrs. Downs, who was an invalid.

Here it was the understanding that Kathryn was to serve more or less as a companion to Mrs. Downs, with some light work such as dusting, as additional duties.

Kathryn remained in this home until Friday when she returned to her father's home. According to her testimony the work at Mrs. Downs began at 4:00 or 5:00 o'clock in the morning and she was required to do the work of a combined servant and practical nurse.

The following Monday the plaintiff returned to Birmingham and interviewed Mr. Foster.

According to the plaintiff he told Mr. Foster his daughter was dissatisfied with the arrangement in the Downs' home, and demanded that his daughter be placed in secretarial work. Mr. Foster replied that Kathryn was not qualified to do secretarial work and he could only place her in another home.

The plaintiff and his daughter returned to plaintiff's home and she did not go back to business college thereafter.

For the defense Mr. Braziel testified that he had not told the plaintiff during his interview that the school would obtain secretarial work for Kathryn, but only that the school would obtain for her a place in a refined home where she could obtain her room and board in return for some household duties.

He further testified that he had never stated that the school was issuing a diploma, but only a certificate entitling Kathryn to instruction.

There was introduced in evidence through Mr. Braziel what is termed a "room and board" agreement, allegedly signed by the plaintiff whereby the school contracted to obtain a place in a respectable home for "me within two weeks after I enter your college."

Mr. Braziel testified that this paper was signed by the plaintiff in his presence during the interview. It should be noted here that the plaintiff had, during his testimony, denied signing any documents other than the "Life Certificate."

Mr. Foster, for the defense, testified that upon plaintiff's second visit to the school he had offered first to place Kathryn in another home, but upon plaintiff's refusal of anything other than secretarial work he had told plaintiff he would get her "any kind of job to satisfy her."

The appellant counsel's first proposition is that the complaint alleges that J. M. Braziel, agent etc., for the purpose of inducing the plaintiff to buy the certificate entitling her to instruction in the college "represented to plaintiff that he was buying a diploma from said college."

Counsel contends that the evidence submitted by the plaintiff failed to show any such representation and that the appellants were entitled to have their requested affirmative charges given for this reason. Counsel relies upon the doctrine enunciated in Hockensmith v. Winton, 11 Ala.App. 670, 66 So. 954 in support of this proposition, which doctrine is to the effect that where a plaintiff chooses to allege several false and fraudulent representations conjunctively as inducements for the contract then all such representations must be proved.

■ The plaintiff did testify that Mr. Braziel, during the interview, had called the life certificate a "diploma." Mr. Braziel denied he had ever referred to the certificate as a diploma. This conflict merely raised a question of fact to be determined by the jury. From their verdict they apparently accepted plaintiff's version of the testimony. In this light the evidence did tend to support this alleged representation. There is in our opinion no basis therefore for casting error on the lower court because of the refusal of the affirmative charges in this aspect of the case.

The second point argued by counsel for appellant is that in an action for deceit based on promises, plaintiff must prove that such promises were made with no intention at the time of fulfillment, and since, under the evidence the appellants had two weeks in which to find employment for Kathryn, and she left school one week prior to the expiration of such period, the evidence was insufficient to establish plaintiff's case, and defendants were entitled to have been given the affirmative charges requested by them.

■ The fundamental basis of an action of deceit was stated in the early case of Munroe v. Pritchett, 16 Ala. 785, as follows: "He who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages."

■ The evidence presented by the parties is in conflict as to the nature of the representations made. Certainly under the plaintiff's testimony the promise of the defendants leading to the execution of the contract was that plaintiff's daughter was to be given secretarial employment sufficient to pay her living expenses in Birmingham and costs of returning home each weekend. This representation was coupled with a statement that Mr. Braziel had examined Kathryn's school record and such record indicated she was qualified for such part time work. This latter was a statement as to an existing fact.

■■ A failure to fulfill a mere promise alone will not give rise to actionable fraud. Yet, if with intent to deceive a promise is made with no intention of fulfillment at the time, and injury to the defrauded party results therefrom, fraud may be predicated thereon, notwithstanding the future nature of the representation. Steiner Bros. v. Slifkin, 237 Ala. 226, 186 So. 156; Snell National Bank v. Janney, 219 Ala. 396, 122 So. 362; Section 122, Title 7, Code of Alabama 1940.

■ The jury was amply justified in inferring from appellee's testimony that there was some evidence that he had no reasonable grounds, after his second interview with Mr. Foster, to anticipate performance of the promise that the college would find secretarial work for his daughter, and that such promise was made with no intention of performing it. This being so the court properly refused appellants' requests for the charges affirmative in nature in this further aspect of the case.

■ No motion for a new trial was made by the appellant in the court below. The evidence was in conflict. Under such situation the scintilla rule prevails and an appellate court cannot interfere with a verdict rendered on conflicting evidence. Glenn v.

Blackman, 33 Ala.App. 571, 35 So.2d 698, certiorari denied 250 Ala. 664, 35 So.2d 702.

Counsel for appellant place considerable reliance upon the decision of this court in the first appeal of this case, 35 Ala.App. 587, 50 So.2d 788.

We do not think the basis of the decision on the first appeal applicable to the present appeal since CARR, P. J., made it clear in said opinion that the review was limited to a consideration of the contract count, inasmuch as the affirmative charge had been requested as to each count of the complaint. The reversal related to the improper refusal of the affirmative charge as to the contract count.

Affirmed.