83 So.2d 211

**Mary Elizabeth CROSS**

v.

**Katherine S. MAXWELL.**

3 Div. 725.

Supreme Court of Alabama.

Nov. 3, 1955.

Knabe & Nachman, Montgomery, for appellant.

Ball & Ball, Montgomery, for appellee.

510

GOODWYN, Justice.

Appeal from a final decree of the circuit court of Montgomery County, in equity, setting aside and cancelling a deed on the ground that "the complainant [appellee] was induced by fraud and misrepresentation by or on behalf of the respondent [appellant] to execute" it, as charged in the bill of complaint. The bill alleges the following:

"5. The execution and delivery of said deed by complainant was induced by the fraud and misrepresentations of the respondent or her agent or agents acting for her in the line and course of their employment. Said fraud consisted of representations to the effect that the respondent was the owner of residential property located at Number 506–508 Boyce Street clear and unencumbered and that the respondent would be able to sell the Boyce Street property and pay all of the purchase price for the South Capital Parkway property in not more than sixty days after the closing of the sale and that in the meantime to secure complainant a second mortgage on the South Capital Parkway property would be given complainant for approximately $3253.-00 and that this mortgage would be paid off within sixty days. Complainant avers that said representations were false and that the respondent did not own a clear and unencumbered title to the Boyce Street property but on the contrary it was subject to a mortgage which was large in proportion to the value of the property and respondent did not pay the balance as represented.

"6. It was further agreed between the parties at the time the deed was delivered to respondent that in order to allow respondent the sixty days necessary to pay the cash balance that complainant would be permitted to remain in possession of her property notwithstanding the fact that a deed thereto was being at that time delivered to respondent."

There are 18 assignments of error. However, there are only two points stressed in argument. The principal insistence is that the evidence does not support the finding of a fraudulent misrepresentation. The other point is that the decree erroneously directs appellee to repay appellant a sum less than the consideration paid appellee for the property. In view of our conclusion that the finding of a fraudulent misrepresentation is not supported by the evidence, we pretermit discussion of the second point.

We recognize the rule of presumption to be accorded the findings of the trial judge when the evidence, as in this case, is heard orally by him. In the light of that rule we have given studious consideration to the record in an effort to find evidence sufficient to support the decree.

As we read the record, we gather that appellee was in need of cash money to put in her business. She listed her South Capitol Parkway property for sale with the Eisenberg Real Estate Agency. This agency originally had an exclusive listing of the property. Later, it was placed on the multiple listing, that is, it was available for handling by some thirty-odd members of the Montgomery Real Estate Board with a split of commission with the agent placing it on multiple listing. Mrs. L. L. Boyd, a sales agent with the Irby Jones Real Estate Agency, was contacted by appellant concerning the property. Mrs. Boyd made arrangements through Mrs. Strane, a sales agent with the Eisenberg Agency, for appellant to inspect it. Thereafter a proposed agreement of sale was drafted by Mrs. Boyd and taken to Mrs. Strane. Mrs. Strane took the agreement to appellee for signing. It was signed but later voided because of some writing placed on it by appellee. A second agreement was then prepared, signed by appellant and then taken by Mrs. Strane to appellee, who also signed it. The agreement was executed under date of September 12, 1953. The purchase price recited in the agreement was $14,000 pay-

able as follows: earnest money received, $500, cash on closing trade, $2,500, and the balance to be handled as follows:

"It is understood and agreed by both parties that party of the second part [appellant] is to assume the existing mortgage of approximately $7747.40, payable at $76.81 per month.

"It is further understood and agreed that party of the first part [appellee] is to accept a second mortgage of approximately $3253.00, payable over a 15 year period at 5% interest and monthly payments on said second mortgage not to exceed $26.50 per month."

The agreement also contained the following provision:

"Miss Mary Elizabeth Cross is to pay off the entire second mortgage when her property is sold on Boyce St. It is understood too that Mrs. Maxwell is to occupy the house for 30 days at no cost to her."

Under date of September 17, 1953, appellee and her husband (they were separated but not divorced) executed a general warranty deed conveying to appellant a fee simple title to the property subject to a mortgage in favor of Investors Federal Savings and Loan Association, dated November 13, 1952, in the original principal amount of $8,000, but paid down to $7,747.40. The deed and the acknowledgment both bear date of September 17, 1953. It appears that the deed was delivered on September 22, 1953, at the time of closing the transaction. In addition to the earnest money of $500, already paid, appellant, at the time of closing, executed in favor of appellee a second mortgage on the lot in the amount of $3,253, representing the balance due on the purchase price remaining after making an additional cash payment and deducting the amount due on the assumed mortgage. This second mortgage was filed for record in the office of the judge of probate of Montgomery County on September 23, 1953. It provides for payment of the $3253 secured thereby as follows:

"Principal and interest at the rate of 5% per annum shall be due and payable in equal monthly installments of Twenty-Six and 50/100 ($26.50) Dollars each, commencing October 1, 1953, and shall continue on the First day of each succeeding month thereafter until the full sum of $3253.00 together with accrued interest shall have been paid in full."

\* \* \* \* \* \*

"It is understood that mortgagor [appellant] owns a house located at 506 Boyce Street in the City of Montgomery, State of Alabama, and it is agreed that as soon as said mortgagor sells said house that this mortgage and the note secured thereby shall become immediately due and payable at the option of mortgagee [appellee] or her assign."

It is the above referred to deed, dated September 17, 1953, which appellee seeks to have cancelled. Her insistence is that appellant, through her agent, Mrs. Boyd, represented to appellee that appellant's Boyce Street property was unencumbered, when in fact there was a $4000 mortgage on it; that she would not have sold the property if she had known the Boyce Street property was mortgaged; that she was in need of cash for her business and it was represented to her "that the respondent [appellant] would be able to sell the Boyce Street property and pay all of the purchase price for the South Capitol Parkway property in not more than sixty days after the closing of the sale"; that said representations were false and that appellant "did not pay the balance as represented".

We see no need of detailing the evidence. Suffice it to say that we fail to find any evidence which we consider sufficient to support the charged misrepresentation (assuming, without deciding, that it would, if proven, justify a cancellation of the deed).

There is no indication or suggestion that appellant personally made, at any time, any statement or representation that her Boyce Street property was not subject to a mortgage; and we do not understand appellee to contend that she did. It seems to be appellee's position that Mrs. Boyd, as the agent of appellant (assuming, without de-

ciding, that that relationship existed), made such misrepresentation, and that appellant, as principal, is bound thereby. But we find no evidence that Mrs. Boyd made any representation that appellant's property was not subject to a mortgage, nor that appellant would be able to sell the Boyce Street property and pay "all of the purchase price for the South Capitol Parkway property in not more than sixty days after the closing of the sale". Four witnesses testified, appellee and Mrs. Boyd for appellee, and appellant and Mr. Eisenberg for appellant. If any of them testified to any representation of Mrs. Boyd that appellant's property was not mortgaged, we have been unable to find it. The closest we can find to evidence touching on any statement made by Mrs. Boyd concerning appellant's Boyce Street property is the following testimony of appellee, which was received over appellant's objection and exception, viz.: "Mrs. Strane said Mrs. Boyd said if the house was not sold in sixty days they would mortgage it and pay the three thousand or thirty-two hundred or something, I don't remember which, by the time the sixty days was up." Mrs. Strane, a sales agent with the Eisenberg Agency, did not testify. Mrs. Boyd testified that she had never said that there was not a mortgage on the Boyce Street property, nor that "the Boyce Street property was clear". As to how appellant was to get the money to pay for appellee's house, Mrs. Boyd testified as follows: "It was not my affair to know where she got it. This is the way I understood it, she was to pay $500 down on the house, and she was to sell the Boyce Street property, to pay off the second mortgage; when the property was sold, she would pay off the second mortgage." We do not find any competent evidence that Mrs. Boyd represented to appellee or anyone acting for appellee that the balance due on the purchase price, represented by the 15 year second mortgage, would be paid in sixty days. Appellee's testimony as to what "Mrs. Strane said Mrs. Boyd said" was pure hearsay, even if it be conceded that Mrs. Boyd was appellant's agent in the transaction.

■ As we see it, if there was any promise or representation made by or on behalf of appellant, it was with respect to the sale of the Boyce Street property at some unspecified time in the future. Such promise or representation, if made, was not a statement of an existing fact, but was the statement of an intention or a promise to do an act in the future. The principle applicable to that situation is that a false representation, to constitute fraud upon which a cancellation can be based, must be of an existing fact, and not a promise of something to be done in the future, unless it be shown that at the time such promise as to the future was made, it was made with the intention of deceiving, and with no intention of fulfillment at the time.

The rule is thus stated in Snell National Bank v. Janney, 219 Ala. 396, 398, 122 So. 362, 363:

"It is well established in this jurisdiction that while a failure to fulfil a mere promise or undertaking—something to be done in the future—alone will not authorize a rescission on the ground of fraud, yet if the promise is made with no intention at the time to perform it, that constitutes fraud justifying a rescission."

To the same effect are the following: Barber v. Stephenson, 260 Ala. 151, 155, 69 So. 2d 251; Steiner Bros. v. Slifkin, 237 Ala. 226, 229, 186 So. 156; Zuckerman v. Cochran, 229 Ala. 484, 485, 158 So. 324; Nelson v. Shelby Manufacturing & Improvement Co., 96 Ala. 515, 532, 11 So. 695, 38 Am.St. Rep. 116; Cunyus v. Guenther, 96 Ala. 564, 567, 11 So. 649; Birmingham Warehouse & Elevator Co. v. Elyton Land Co., 93 Ala. 549, 554, 9 So. 235; Draughon's Business College v. Battles, 37 Ala.App. 24, 27, 68 So.2d 58.

■ Here, however, it is not charged that appellant or her authorized agent acted "with intent to deceive" and "with no intention of fulfillment at the time"; nor do we think there is evidence justifying a finding that either of them so acted.

We think it should be noted that there is every indication that appellee is a person of intelligence and business acumen,

having successfully operated for some 13 years a radio repair shop in downtown Montgomery; that it is not contended that there was any misrepresentation as to the contents of the deed; that appellee executed the deed with full knowledge of its contents; that the parties to the deed were sui juris; that they were dealing at arm's length; and that there was not any confidential or fiduciary relationship between them.

■ It is an established rule that fraud, when alleged, must be clearly and satisfactorily proven. Henderson v. First Nat. Bank of Birmingham, 229 Ala. 658, 663, 159 So. 212; Wooddy v. Matthews, 194 Ala. 390, 395, 69 So. 607; Southern R. Co. v. Arnold, 162 Ala. 570, 577, 50 So. 293. The rule is thus stated in Thompson on Real Property, Perm.Ed., Vol. 8, § 4608, p. 576:

"Fraud, in some form or other, is the most usual ground for invoking the aid of equity to rescind a contract for the sale of real estate, * * * but the power is an extraordinary one, and should never be exercised unless the fraud is clearly made to appear."

■ From 12 C.J.S., Cancellation of Instruments, § 71, pp. 1060–1062, is the following:

"It is generally held that the cancellation of an executed contract is an exertion of the most extraordinary power of a court of equity, which will not be exercised except in a clear case and on strong and convincing evidence. * * * In accordance with this requirement of proof, it has been held that facts which merely raise a suspicion of the existence of grounds for cancellation are insufficient to warrant equitable intervention."

After full consideration and discussion of the evidence in consultation, we are constrained to hold that appellee did not meet the required degree of proof in establishing a fraudulent misrepresentation which would justify the cancellation of the deed. Accordingly, the decree appealed from is due

to be, and is, reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.