94 So.2d 377

**Houston J. DOSWELL**

v.

**Lillian Doswell HUGHEN et al.**

4 Div. 902.

Supreme Court of Alabama.

Feb. 28, 1957.

Rehearing Denied April 25, 1957.

88

---

C. R. Paul, Geneva, and A. A. Smith, Hartford, for appellant.

E. C. Boswell and Jas. W. Kelly, Geneva, for appellees.

SIMPSON, Justice.

Complainants, appellees here, seek to have set aside a deed executed by them to respondent Houston J. Doswell. Upon the overruling of the demurrer to the complainants' bill, as amended, the respondent has appealed.

The grounds upon which the deed is sought to be set aside are fraud and undue

influence exercised by the grantee, appellant, upon the appellees, grantors.

■ We will consider only those grounds of demurrer insisted upon in brief. Groover v. Darden, 1953, 259 Ala. 607, 68 So.2d 28; Cook v. Whitehead, 1951, 255 Ala. 401, 51 So.2d 886; Howard v. Stewart, 1949, 252 Ala. 581, 42 So.2d 252.

We will refer to the two governing rules.

■ Where one seeks to have a deed set aside upon the ground of fraud, the facts relied upon to show the fraud must be averred. Birmingham Trust & Savings Co., v. Shelton, 1935, 231 Ala. 62, 163 So. 593; Strickland v. Strickland, 1921, 206 Ala. 452, 90 So. 345; Richardson v. Curlee, 1934, 229 Ala. 505, 158 So. 189; 4 Ala. Dig., Cancellation of Instruments, ⊛⊐37(6).

■ But in averring undue influence as a ground for setting aside the deed, it is not necessary to allege with particularity the quo modo by which the undue influence was exerted. It is sufficient to aver in general terms that the execution of the deed was the result of the undue influence of a named person. Cox v. Parker, 1924, 212 Ala. 35, 101 So. 657; Strickland v. Strickland, supra; Roberts v. Cleveland, 1931, 222 Ala. 256, 132 So. 314; Hughes v. Duke, 251 Ala. 220, 36 So.2d 300. If the pleader, however, undertakes to give the facts constituting the quo modo by which the undue influence was exerted, the facts must be sufficient to that end. Cox v. Parker, supra; Roberts v. Cleveland, supra.

It appears from the bill that appellant is a brother to the appellees. Appellees, on November 17, 1949, upon a recited consideration of $10 and other valuable consideration, executed a conveyance of their interest in certain real property to appellant. Prior thereto, appellant, appellees, and other members of the family whose interests are material to the case, were joint owners of the property. Appellees aver that the real consideration for the conveyance was the sum of $47.30 per acre which was in fact paid to each of them and certain promises made by the appellant grantee; appellees aver that they relied upon the promises made by appellant, and in reliance thereon were induced by appellant to convey their interests in the lands to him. They also aver that at the time appellant made the promises he had no intention of fulfilling them, that he has failed to fulfill the promises, and now denies that he ever made them. The value of the property at the time the conveyance was executed was $100 an acre, it is averred. The promises made by appellant which appellees aver constitute a part of the consideration are as follows: Appellant would not marry nor would he make a will disposing of the lands; appellant would not sell the lands and at his death title to said lands would go to them, or their heirs, who would then constitute the joint owners thereof; appellant would pay each of the appellees at a specified time each year $100 until such an amount was paid to them as would equal their share in a sale of the lands at $100 an acre; appellant would provide a home for Leroy Doswell, one of the appellees, for so long as he, appellant, lived and would employ Leroy Doswell at $150 per month for so long as he, appellant, lived.

■ With respect to the allegations of fraud. The mere failure to perform a promise does not authorize a rescission, yet if a material promise, of something to be done in the future, is made by a promisor with no intention at the time of performance and is relied upon by the other party as an inducement, fraud may be predicated thereon where the defrauded party, injured as a result thereof, seeks to set aside the conveyance. Cross v. Maxwell, 1955, 263 Ala. 509, 83 So.2d 211; Williams v. Williams, 1940, 238 Ala. 637, 193 So. 167; Spencer v. Spencer, 254 Ala. 22(3 & 4), 47 So.2d 252, Zuckerman v. Cochran, 1934, 229 Ala. 484, 158 So. 324; Schwab v. Carter, 1933, 226 Ala. 173, 145 So. 450; Snell Nat. Bank of Winter·Haven v. Janney, 1929, 219 Ala. 396, 122 So. 362;

Hyman v. Langston, 1923, 210 Ala. 509, 98 So. 564; Rowland v. Hester, 1921, 206 Ala. 498, 90 So. 910; Clarkson v. Pruett, 1918, 201 Ala. 632, 79 So. 194; Johnson v. Chamblee, 1919, 202 Ala. 525, 81 So. 27; Nelson v. Shelby Mfg. & Imp. Co., 1892, 96 Ala. 515, 11 So. 695; Brock v. Brock, 1889, 90 Ala. 86, 8 So. 11, 9 L.R.A. 287; Manning v. Pippen, 1888, 86 Ala. 357, 5 So. 572; 26 C.J.S., Deeds, § 57.

"The essence of the fraud in such cases is not the breach of a promise, but the fraudulent intent not to perform; and such fraudulent intent must exist at the time of the making of the promise. * * *" 3 Pomeroy, Equity Jurisprudence, 5th Ed., § 877d.

■■ As aforesaid, appellees aver several promises made by appellant as a part of the consideration; they also aver that appellant at the time he made the promises had no intention of performing them. As indicating appellant's said intention, they aver that appellant has failed to perform the promises and that he now denies he ever made them. Appellees base their claim to relief on these several material and distinct promises made by appellant. Where one of several promises constituting the consideration of the deed is fraudulently made, the deed may be set aside notwithstanding the fact that others might not be made the basis of a claim for rescission. Hammac v. Skinner, Ala., 89 So.2d 70. These promises are pleaded cumulatively and as to some the averments as to fraud are sufficient. Where aspects are framed with cumulative grounds for relief, if either ground is sufficient, its force is not impaired by the fact that it is joined cumulatively with another ground, which of itself, will not maintain the equity of the bill. Shipman v. Furniss, 69 Ala. 555; 12 Ala. Lawyer, Creel, Aspects of A Bill In Equity, 238; See also Cooper v. Agee, 222 Ala. 334, 132 So. 173.

We pretermit any consideration of what effect, if any, some of the promises allegedly made by appellant might influence the transaction. Those questions were neither raised nor argued on this appeal.

■■ It is argued that the statute of frauds is involved because the bill does not aver whether or not the promises made by appellant were in writing. But assuming that the promises were oral, if they were so made, and there was a fraudulent intent in obtaining the deed, without intention of performance, and pursuant to it, the promises were not fulfilled, the statute of frauds becomes immaterial; the fraud will vitiate the transaction and remit the grantors to the rights they had prior to the execution of the conveyance. The consideration of the deed is valuable on its face, so that clause was open to parol proof of any other valuable consideration. Manning v. Pippen, 1888, 86 Ala. 357, 5 So. 572.

■ The allegations of fraud were not subject to the asserted grounds of demurrer.

With respect to the charge of undue influence. Undue influence is a species of fraud. Shirley v. Ezell, 180 Ala. 352, 60 So. 905. And while the relationship existing between brothers and sisters does not of itself create a confidential relation, it is a circumstance to be considered in determining the question of whether in fact such a relation exists. Abrams v. Abrams, 1932, 225 Ala. 622, 144 So. 828; Bigelow, The Law of Fraud, 262. Appellees aver they were not educated and lacked business experience; the appellant, on the other hand, was a successful business man; appellees looked to appellant for advice in the management and control of the lands; appellees reposed confidence in their brother, the appellant, and relied upon his suggestions and advice. Appellant, after frequent visits to appellees, did persuade them to convey. The appellees also aver that in conveying their interest in the lands to appellant, they were dominated and controlled by the will and desire of the appellant and that the conveyance was not the free and voluntary act of the

appellees. The averments are sufficient to show that a confidential relationship did exist and that the conveyance was the result of undue influence. Roberts v. Cleveland, supra; Cox v. Parker, supra; Noble v. Noble, 1912, 255 Ill. 629, 99 N.E. 631; Shipman v. Furniss, supra; Dillard v. Hovater, 1949, 252 Ala. 62, 39 So.2d 386.

 Appellant argues that the failure of appellees to offer to restore that part of the consideration which the bill shows has been paid to them renders the bill demurrable. This is not the law. Appellees offer to do equity and pray that the court determine the sum of money to which appellant would be entitled in order that he be placed in status quo. This is sufficient. Rowland v. Hester, supra; Strickland v. Strickland, supra.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.