This is an appeal from a judgment setting aside a warranty deed.
On May 5, 1969, Lera Bell Shaneyfelt, a patient at Bryce Hospital (Bryce), died intestate. Shortly thereafter, Mrs. Shaneyfelt's daughter, Mary S. Popwell, who had been serving as Mrs. Shaneyfelt's guardian, was named administratrix of her estate. The estate consisted of a small amount of cash and approximately eleven acres of land in Chilton County. On June 6, 1969, Bryce filed a $15,485.84 claim against the estate, apparently seeking payment for services rendered the decedent. On May 18, 1970, the plaintiffs, Mrs. Shaneyfelt's other *Page 386 
heirs, executed a warranty deed conveying their interest in the eleven acres to Mrs. Popwell. On June 10, 1983, the heirs brought suit in Chilton County Circuit Court, alleging that their execution of the deed was the result of fraud, and seeking to have the deed declared void, to have an equitable trust imposed upon the property for their benefit, and also requesting a temporary restraining order preventing Mrs. Popwell from selling or encumbering the property. The temporary restraining order was granted that same day.
After Mrs. Popwell's motion to dismiss was denied, the case was tried ore tenus without a jury on April 3, 1984. Thereafter, the trial judge entered his final decree setting aside and cancelling the deed. The decree set forth no findings of fact or conclusions of law.
Mrs. Popwell appeals here, contending that the trial court erred by: (1) admitting parol evidence of the events surrounding execution of the deed, and (2) setting aside the deed on the basis of fraud. We find no reversible error and affirm.
The heirs' basic contention at trial was that prior to execution of the deed, Mrs. Popwell convinced them that as administratrix of Mrs. Shaneyfelt's estate, she needed an undivided interest in the entire eleven acres in order to adequately defend against Bryce's claim. Four of the heirs testified that Mrs. Popwell persuaded them that the instrument they were about to sign was a power of attorney, and three heirs testified that they signed the instrument without reading it, in reliance on Mrs. Popwell's representations that it was not a deed. Three of the heirs also testified that Mrs. Popwell promised that the land would be redivided as soon as Bryce's claim was settled. The heirs claimed that Mrs. Popwell's representations were fraudulent and that, but for those fraudulent representations, they would not have executed the deed.
Since the only evidence of the alleged fraud, the testimony of the heirs, was obviously extrinsic to the deed, we must first determine if the evidence was properly admitted. As Mrs. Popwell correctly points out, extrinsic evidence of antecedent or contemporaneous oral or written agreements between a grantor and grantee is generally inadmissible to vary, change, contradict, or defeat the legal operation of a deed. Floyd v.Andress, 246 Ala. 301, 20 So.2d 331 (1944); see also Roberts v.Monroe, 261 Ala. 569, 75 So.2d 492 (1954). However, this Court has long held that extrinsic evidence is admissible to show that a deed was executed as the result of fraud. Roberts,supra, 261 Ala. at 576, 75 So.2d at 498. Since this is exactly what the heirs averred, the trial court properly admitted extrinsic evidence of the representations made by Mrs. Popwell. Consequently, the only remaining issue is whether the trial court could have found that those representations were fraudulent.
Mrs. Popwell argues that the heirs, having signed the deed, are now precluded from claiming that they did not know what they were executing. While she is correct that a grantor who has the ability to read and understand a deed but fails to do so is normally bound by that deed, such is not the case where the signature was induced by fraud or misrepresentation. Ingramv. Horn, 294 Ala. 353, 317 So.2d 485 (1975).
As this Court recently stated, "Alabama has long recognized that a deed obtained by fraud will be set aside." Holland v.Hoffman, 443 So.2d 931 (Ala. 1983). A grantor seeking to set aside a deed on the grounds of fraud must, however, aver the facts relied upon, Doswell v. Hughen, 266 Ala. 87, 94 So.2d 377
(1957), and prove the fraud clearly and satisfactorily. Russellv. Russell, 361 So.2d 1053 (Ala. 1978).
To constitute fraud upon which cancellation of a deed can be based, a false representation must be a representation of existing fact and not a promise of something to be done in the future, unless it is shown that at the time a promise of future performance was made it was made with the intention of deceiving and with no intention of fulfilling that promise.Cross v. Maxwell, 263 Ala. 509, 83 So.2d 211 (1955). *Page 387 
Stated another way, while the mere failure to perform a promise does not authorize rescission of a deed, a false representation of existing fact or a material promise to do something in the future, which is made by the promissor with no intention to perform, will authorize rescission. The essence of the fraud in the latter situation is not the breach of a promise but the fraudulent intent not to perform. Doswell, supra,266 Ala. at 89, 94 So.2d at 379.
As previously stated, the trial court in this case made no specific findings of fact. However, it is firmly established that in the absence of such findings by the trial court this Court will assume that the trial court found those facts necessary to support its judgment, unless those findings would be clearly erroneous and against the great weight of the evidence. Alabama Farm Bureau Mutual Casualty Insurance Co. v.Moore, 435 So.2d 712 (Ala. 1983). It is also firmly established that under the ore tenus standard of review the findings of the trial court are favored with a presumption of correctness and will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless those findings are plainly and palpably erroneous or manifestly unjust. Chaffin v.Hall, 439 So.2d 67 (Ala. 1983), Holland, supra, at 935.
There was competent testimony presented at trial indicating that Mrs. Popwell told some heirs that the instrument they were about to execute was a power of attorney, and there is evidence that she told some heirs that the property would subsequently be redivided.
Considering this testimony, along with the previously stated presumptions, we find that there was sufficient evidence from which the trial court could have determined that Mrs. Popwell's statements as to the nature of the instruments were false representations of existing fact and that her promises to reconvey were promises of future performance made with no intention to perform. Therefore, we cannot say that the trial court was in error in ordering rescission of the deed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.