PER CURIAM.
Rosie Lee Creech Davis appeals from a final judgment refusing to set aside a deed made by Davis to John Moses Weathering-ton, her son. We affirm.
In 1979, Davis sought to divide among her four children approximately 25 acres of land that she had inherited. Davis’s attorney prepared deeds giving equal portions of that property to the four children. At the same time, Davis deeded one acre of land on which her house was located to her son, James Moses Weatherington. All the deeds were executed and witnessed in her attorney’s office. Davis filed all the deeds in the probate court herself and gave Weatherington the deeds to the property that she had conveyed to him.
On April 1, 1986, Davis filed a complaint to set aside the deed conveying the house and one acre of land to Weatherington, asserting that Weatherington had obtained the deed through fraud and/or undue influence. At trial, Davis stated that she had believed she was executing a will, not a deed. On cross-examination, she stated that she recalled executing the deed but that she “meant to put on there that as long as I live I wanted to tend to it myself.”
Weatherington testified that he did not ask his mother for the property but that he would like to retain it. He also stated that he did not give her any money for the property, but had helped her pay off a debt on the house and had spent $500 to $600 for repairs on the house.
*944 Davis advanced four theories to support cancellation of the deed: (1) lack of consideration; (2) undue influence; (3) fraud; and (4) mistake.
With respect to lack of consideration, this Court has held that a deed is valid between the parties and their privies, whether or not it is founded upon consideration. Taylor v. Godsey, 357 So.2d 979 (Ala.1978).
Undue influence must be determined from the facts in each case; however, in order to prove undue influence, the plaintiff must present evidence of “influence which dominates the grantor’s will and coerces it to serve the will of another.” Id. at 980.
In the instant case, there was no evidence establishing acts of dominance or coercion over the will of Davis. The evidence established that Davis was living with one of her daughters at the time she conveyed the property to Weatherington; that she consulted her own attorney with respect to the deeds and filed them herself in the probate court; and that Weathering-ton did not accompany Davis to her attorney’s office or to the probate court. We find no evidence of undue influence.
Davis asserted in her complaint that Weatherington had fraudulently caused her to convey her house and one acre of land to Weatherington. A grantor may set aside a deed on the basis of fraud, if the facts relied upon to prove fraud are averred in the complaint and are proven clearly and satisfactorily. Popwell v. Greene, 465 So.2d 384 (Ala.1985).
Davis did not aver specific facts alleging fraudulent conduct by Weatherington, nor did she prove fraudulent conduct by clear and satisfactory evidence. In fact, Davis did not present any evidence tending to show fraudulent conduct by Weathering-ton. Instead, Davis attempted to prove mistake in the execution of the deed.
Davis testified at trial that she had mistakenly believed she was executing a will. Nevertheless, the cancellation of a deed is permissible when there exists a mutual mistake between the parties to the conveyance. Miller v. Davis, 423 So.2d 1354 (Ala.1982). In the instant case, no evidence of mutual mistake was presented.
Although the trial court made no specific findings of fact, this Court will assume the trial court found those facts necessary to support its judgment, unless those findings would be clearly erroneous and against the great weight of the evidence. Popwell v. Greene, supra. In addition, because the evidence was presented ore tenus, the trial court’s judgment will be presumed correct and will not be disturbed on appeal, if it is supported by the evidence or any reasonable inference therefrom and is not plainly and palpably erroneous or manifestly unjust. Id. Because the evidence would reasonably support findings of fact that would support the refusal to rescind the deed, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and HOUSTON, JJ., concur.