INGRAM, Presiding Judge.
This appeal is from a judgment after remand. For facts pertinent to the original appeal, see Purnell v. Covington County Board of Education, 519 So.2d 560 (Ala.Civ.App.1987).
In the original appeal, we determined that the trial court erred in summarily dismissing Purnell’s petition for failure to state a cause of action. We remanded the case for a hearing on the merits. Following an ore tenus proceeding, the trial court determined that Purnell was not entitled to relief and denied his writ of mandamus. Purnell appeals.
In his original complaint, Purnell asserts that the Covington County Board of Education (the board) failed to follow its “NonRacial Objective Criteria for Employment of Certified Personnel” when filling vacancies within the system for principal and assistant principal positions. He contends that, if the board had followed its own policy, he would have been employed as a principal or assistant principal because he was “clearly more qualified ... than other persons who actually were employed.” On remand, Purnell did not amend his original complaint. In open court and in brief, however, he specifically limited the issue to his nonemployment for the principalship at W.S. Harlan School in 1986.
The facts concerning the narrowed issue are as follows: In 1986, there occurred a vacancy for principal at Red Level School. Purnell, an elementary school teacher at Red Level School, applied for the position. Two weeks prior to the appointment, the superintendent informed Purnell that he was recommending that Johnny Taylor, principal at W.S. Harlan School, be transferred to fill the Red Level vacancy, thereby creating a vacancy at W.S. Harlan.
Purnell did not apply for the W.S. Harlan position. The only official applicant was Terry Holley. Purnell testified, however, that he had a standing application for any administrative position within the system. Holley was appointed to fill the W.S. Harlan vacancy. There was testimony that the superintendent did consider three or four other employees for the position, of whom Purnell was one. The superintendent testified that he was familiar with the employees’ qualifications and that his selection of Mr. Holley to fill the vacancy at W.S. Harlan was based upon his knowledge of those qualifications.
The policy in question provides the following:
“Non-Racial Objective Criteria for Employment of Certified Personnel. Certified personnel only will be hired, when possible, according to the following nonracial objective criteria:
“A. Certificate
“1. Type and Rank (reflect degrees held)
“B. Experience
“1. in the teaching profession
“2. in the grades, subject or position which he currently teaches or occupies
“3. in the system (tenured teachers will be given preference over non-tenured teachers.)
“C. Endorsement in subject areas
“D. Additional certificate endorsement
“E. Number of hours beyond degrees
“F. Workshops attended.”
Nonracial objective criteria policies were promulgated in the late 1960s and the early 1970s to cure any racially discriminatory effect the desegregation of schools might have on the teaching population. Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir.1969). The policies were not implemented to “protect every Alabama citizen who might conceivably be qualified for a principalship.” Lee v. Macon County Board of Education, 453 F.2d 1104, 1111 (5th Cir.1971). The policies address themselves “only to those Alabama citizens who held principalships prior to a desegregation order.” Lee, supra, at 1111. The facts concerning the history and application of the policy in question here are scant and do not lend any guidance to our endeavor. The superintendent did testify that the policy was created years ago by *1040 order of a federal district court judge, arising out of a case involving the termination of a black employee, and that the adoption of the policy applied only to the reduction in force of certified personnel. We are uncertain as to the exact application of the policy from the time of promulgation to 1986. We are- aware, however, that the policy was amended in 1986 to apply only to dismissals and reductions in force of certified personnel.
. All parties involved in this action are of the Caucasian race. Purnell does not make the constitutional argument that he was discriminated against because of race. Instead, he argues that the , policy created a binding contract between himself and the board and that the board breached the contract in failing to give him the principalship at W.S. Harlan School. In view of the general history surrounding the adoption of nonracial criteria policies and the silence in the record concerning the history and the present-day application of the policy in issue, we cannot satisfactorily say that the policy even applies to the facts of this case.
Assuming arguendo that the policy does apply to the present circumstances, we do not find the trial court’s denial of the writ of mandamus to be in error. In denying relief to Purnell, the trial court found that it
“[was] not reasonably satisfied that the Defendants Board of Education and County Superintendent of Education [had] violated the policies of the Defendant Board of Education in making appointments to administrative positions within the school system, and the Court [was] certainly not reasonably satisfied that the Board [had] acted arbitrarily and capriciously in its consideration of the Plaintiffs applications for employment in administrative positions.... ”
We agree.
Evidence was presented that Holley was a teacher and the assistant principal at W.S. Harlan under Johnny Taylor. When Taylor was away from school, Holley was in charge. Holley was familiar with W.S. Harlan, its students and faculty, and the community. Purnell admitted that he had no experience as an administrator and no experience working at W.S. Harlan. He was properly certified, but did not have the experience that Holley had.
The evidence was in dispute concerning whether Holley had the proper certification for the position. Purnell testified that he witnessed Holley taking the administrative certification test after he was named principal. The superintendent testified that Holley was certified prior to the announcement. It is undisputed that, at the time Holley assumed the principalship at W.S. Harlan, he was properly certified.
Purnell complains that he should have been appointed principal because he was “clearly more qualified ... than other persons who actually were employed.” He failed, however, to present any evidence concerning the qualifications of the others eligible for the position. In fact, when asked whether he was familiar with Holley’s qualifications, he said he was not. The evidence simply does not support Pur-nell’s complaint.
The evidence was presented ore tenus. Therefore, the findings of the trial court are favored with a presumption of correctness and will not be disturbed unless those findings are plainly and palpably erroneous or manifestly unjust. Popwell v. Greene, 465 So.2d 384 (Ala.1985). The trial court’s findings are supported by the evidence. Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.